633 So.2d 142 (1994)
STATE of Louisiana
v.
Johnny L. BAXLEY.
No. 93-KA-2159.
Supreme Court of Louisiana.
February 28, 1994.
Rehearing Denied April 6, 1994.
Richard P. Ieyoub, Atty. Gen., Harry F. Connick, Dist. Atty., Mark D. Pethke, Jack Peebles, New Orleans, for applicant.
John D. Rawls, New Orleans, for respondent.
Grover Rees, III, Washington, DC, for Louisiana Counsel Knights of Columbus, Christian Coalition of Louisiana, Louisiana Public Policy (Amicus Curiae).
R. James Kellogg, New Orleans, Evan Wolfson, New York City, for Lambda Legal Defense and Educ. (Amicus Curiae).
Glenn J. Reames, New Orleans, for The John Doe Group (Amicus Curiae).
W. Lloyd Bowers, New Orleans, for Nat. Lesbian and Gay Bar Ass'n (Amicus Curiae).
Marilyn M. Fournet, Baton Rouge, for Louisiana Ass'n Crim. Defense Lawyer (Amicus Curiae).
Denise Leboeuf, New Orleans, for American Civil Liberty Union (Amicus Curiae).
Jeffrey T. Reeder, New Orleans, for Friends for Life, Capital Area Hiv-Aids Service, Philadelphia Center, No Aids Task *143 Force, Inc., United Service Aids Foundation (Amicus Curiae).
F. Clayton Latimer, New Orleans, Counsel for Nat. Ass'n of Social Workers (Amicus Curiae).
Ted L. Luquette, New Orleans, Ruth E. Harlow, William B. Rubenstein, Ralph E. Jones, New York City, for American Friends Service Committee, The Com'n on Social Action of Reform Judaism, Dignity/USA, Office for Church in Soc. of the United Church of Christ, General Bd. of Church and Soc. of the United Methodist Church, Unitarian Universalist Ass'n, Universal Fellowship of Metropolitan Community Churches, First Unitarian Universalist Church, New Orleans, Task Force for Gay and Lesbian Concerns of the First Unitarian Universalist Church New Orleans, Victory Fellowship Metropolitan Community Church, Shreveport, Reverend Deanne B. Aime, Rabbi David Goldstein and Reverend William P. Richardson, Jr. (Amicus Curiae).
Ronald L. Wilson, New Orleans, for Edwin A. Murray, and Arthur A. Morrell (Amicus Curiae).
WATSON, Justice.[1]
This is a direct appeal from a trial court judgment holding the crime against nature statute, LSA-R.S. 14:89, an unconstitutional invasion of a citizen's right to privacy under La. Const. art. I, § 5.

FACTS
Since the trial judge granted a pretrial motion to quash, the only details about the alleged crime are in the police report, the bill of information and the pleadings. According to the state, on June 4, 1992, Johnny Baxley approached an undercover police officer who was sitting on a New Orleans French Quarter stoop and offered to pay the officer $20 if he would allow Baxley to perform fellatio on him. The officer agreed and stood up, which signaled backup officers to arrest Baxley. The undercover officer was not wearing a wire; no money changed hands. Baxley admits discussion of consensual fellatio but denies a monetary offer.
Baxley was charged by bill of information with violating LSA-R.S. 14:89, relative to crime against nature. Baxley filed a motion to quash the information, asserting that the statute was unconstitutional on nineteen grounds. After a hearing, the trial court decided Baxley had standing to challenge the statute's constitutionality and that the statute violated the state constitutional right to privacy. A direct appeal was taken to this Court. La. Const. art. V, § 5(D)(1).

LAW AND ANALYSIS
LSA-R.S. 14:89 provides:
A. Crime against nature is:
(1) The unnatural carnal copulation by a human being with another of the same sex or opposite sex or with an animal, except that anal sexual intercourse between two human beings shall not be deemed as a crime against nature when done under any of the circumstances described in R.S. 14:41, 14:42, 14:42.1 or 14:43. [Rape statutes.] Emission is not necessary; and, when committed by a human being with another, the use of the genital organ of one of the offenders of whatever sex is sufficient to constitute the crime.
(2) The solicitation by a human being of another with the intent to engage in any unnatural carnal copulation for compensation.
B. Whoever violates the provisions of this Section shall be fined not more than two thousand dollars, or imprisoned, with or without hard labor, for not more than five years, or both.
Initially, this Court must determine whether Baxley has standing to challenge the statute's constitutionality. "As a general rule a party does not have standing to challenge the constitutionality of a statute unless the application of that statute adversely affects him." State v. Brown, 389 So.2d 48, 50 (La.1980). Accord State v. Rue, 236 La. 451, 107 So.2d 702 (La.1958).
*144 Baxley argues he has standing because he is charged with violating LSA-R.S. 14:89 in its entirety and because subpart (A)(1) cannot be severed from subpart (A)(2). In addition, Baxley contends attempted crime against nature under LSA-R.S. 14:89(A)(1) may be a responsive verdict to a charge under LSA-R.S. 14:89(A)(2). The state counters that the information clearly charges Baxley with a violation of LSA-R.S. 14:89(A)(2) only. The information charged, that on a specified date, Baxley:
did wilfully and unlawfully violate R.S. 14:89, relative to Crime Against Nature, in that the said JOHNNY L. BAXLEY solicited POLICE OFFICER WILCE GILBERT with the intent to engage in unnatural carnal copulation for compensation to wit: ORAL COPULATION in the amount of TWENTY and 00/100 ($20.00) dollars.
The trial court found that subpart (A)(2), which prohibits solicitation of compensated unnatural carnal copulation, must be considered with subpart (A)(1), which simply prohibits unnatural carnal copulation. The trial court found the two subparts were not severable; if one subpart were unconstitutional, the other subpart would fall "of its own weight."
After finding Baxley had standing to contest the statute's unconstitutionality, the trial court held LSA-R.S. 14:89(A)(1) was an unconstitutional invasion of a citizen's right to privacy under La. Const. art. I, § 5. Since the trial court found the two subparts were not severable, the entire statute was held unconstitutional.
Art. I, § 5 provides:
Every person shall be secure in his person, property, communications, houses, papers, and effects against unreasonable searches, seizures, or invasions of privacy. No warrant shall issue without probable cause supported by oath or affirmation, and particularly describing the place to be searched, the persons or things to be seized, and the lawful purpose or reason for the search. Any person adversely affected by a search or seizure conducted in violation of this Section shall have standing to raise its illegality in the appropriate court.
Specifically, the trial court found:
R.S. 14:89 makes it a crime to engage in or perform certain acts with consenting adults, in the privacy of the bedroom.... The performance of the act itself with a consenting adult, in the privacy of one's bedroom is protected by that concept of privacy explicit in our Declaration of Rights. Absent a showing by our Legislature that there is some compelling state interest in regulating the behavior of consenting adults in the privacy of their bedroom, this statute is fatally flawed.
I am finding this statute unconstitutional not because it is overbroad, nor because it's vague, I am finding it unconstitutional because it seeks to regulate behavior clearly protected by Article 1, Section 5 of our constitution. That is, it seeks to regulate sexual behavior in the confines of one's bedroom.
R.S. 14:89 makes it a crime to engage in those acts regardless of who with or where performed and regardless of whether the acts are performed for compensation....
The trial court erred in finding, under the facts alleged here, that Baxley has standing to contest the constitutionality of LSA-R.S. 14:89(A)(1). Thus, the trial court's judgment that LSA-R.S. 14:89(A)(1) violates a citizen's right to privacy under La. Const. art. I, § 5 was premature.
Through LSA-R.S. 14:89, "the legislature has proscribed two types of conduct, each of which constitutes a crime against nature. A person commits a crime against nature either by engaging in unnatural carnal copulation or by soliciting another with the intent to engage in the illicit act for compensation." State v. Woljar, 477 So.2d 80, 82 (La.1985). The terms "unnatural carnal copulation" and "solicitation by compensation" have definite, accepted historical and jurisprudential meanings. See State v. Neal, 500 So.2d 374, 376 (La.1987) (and cases cited therein); Woljar, 477 So.2d at 83. "The test for severability is whether the unconstitutional portions of the statute are so interrelated and connected with the constitutional parts that they cannot be separated without destroying the intention *145 manifested by the legislature in passing the act." State v. Azar, 539 So.2d 1222, 1226 (La.), cert. denied, 493 U.S. 823, 110 S.Ct. 82, 107 L.Ed.2d 48 (1989). Subparts (A)(1) and (A)(2) describe two different ways in which a person can commit crime against nature. These two subparts describing the prohibited actions do not depend on each other for an understanding of their meaning. Thus, if one subpart were found unconstitutional, the remaining portion could be severed from the offending portion.
On the facts presented, it is unnecessary to determine whether LSA-R.S. 14:89(A)(1) is unconstitutional and must be severed from the crime against nature statute. Baxley is charged with the conduct described by LSA-R.S. 14:89(A)(2), which prohibits soliciting compensated crime against nature. Although the parameters of the state constitutional right to privacy in the sexual area have not been determined, see Neal, 500 So.2d at 378 (privacy analysis under the federal constitution only), there is no protected privacy interest in public, commercial sexual conduct. The legislature has the authority to prohibit such activity.
Baxley argues that he could be convicted of attempted crime against nature under LSA-R.S. 14:89(A)(1) as a responsive verdict if the trial court finds that Baxley merely discussed uncompensated fellatio with the undercover officer. From the trial court's reasons for judgment, it appears that the trial judge also believed Baxley could be convicted of attempted crime against nature on the facts presented.
This reasoning is erroneous. LSA-R.S. 14:89(A)(1) prohibits a person from engaging in certain sexual conduct. Mere discussion or solicitation without a financial aspect cannot constitute an attempt to engage in conduct prohibited by LSA-R.S. 14:89(A)(1). Under LSA-R.S. 14:27, a person is guilty of an attempted crime if the person, "having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object." Thus, an act furthering a crime against nature is required before a court can find a defendant guilty of attempted crime against nature under LSA-R.S. 14:89(A)(1). Solicitation alone does not constitute an attempt to commit a crime. See LSA-R.S. 14:28 Comments.
It is generally recognized by legal authorities and other jurisdictions that solicitation of another to commit a crime is only preparatory to the crime and not an overt act which would support a conviction for attempt of the crime solicited. Solicitation is preparation rather than perpetration. To call solicitation an attempt is to delete the overt act element necessary for an attempt. 2 Wayne R. LeFave and Austin W. Scott, Jr., Substantive Criminal Law § 6.1(f), at 16-17 (1986); 2 Wharton's Criminal Procedure § 261, at 121 (Charles E. Torcia ed., 13th ed. 1990); William L. Clark and William L. Marshall, Crimes § 4.05, at 226 (7th ed. 1967); 1 William L. Burdick, Law of Crime § 106, at 117 (1946); 76 A.L.R.3d 842 § 4, at 856-57 (1977); State v. Green, 116 N.M. 273, 861 P.2d 954 (1993); State v. Molasky, 765 S.W.2d 597 (Mo.1989); Van Bell v. State, 105 Nev. 352, 775 P.2d 1273 (1989); State v. Otto, 102 Idaho 250, 629 P.2d 646 (1981); People v. Spencer, 66 Misc.2d 658, 322 N.Y.S.2d 266 (1971); State v. Miller, 252 A.2d 321 (Me. 1969); Gervin v. State, 212 Tenn. 653, 371 S.W.2d 449 (1963); State v. Bereman, 177 Kan. 141, 276 P.2d 364 (1954); State v. Lowrie, 237 Minn. 240, 54 N.W.2d 265 (1952); People v. Pippin, 316 Mich. 191, 25 N.W.2d 164 (1946); State v. Blechman, 135 N.J.L. 99, 50 A.2d 152 (1946); Cole v. State, 14 Okl. Crim. 18, 166 P. 1115 (1917); State v. Butler, 8 Wash. 194, 35 P. 1093 (1894); State v. Harney, 101 Mo. 470, 14 S.W. 657 (1890).
This has been found true in cases dealing with solicitation of sexual activity. See Van Bell v. State, supra (sexual assault); People v. Spencer, supra (sodomy); State v. Miller, supra (indecent liberties with a child); State v. Bereman, supra (sodomy); People v. Pippin, supra (gross indecency); Cole v. State, supra (adultery); State v. Butler, supra (adultery); State v. Harney, supra (statutory rape).
The authorities opposing this view are limited. 1 Joel P. Bishop, Criminal Law *146 §§ 767, 768, at 543-49 (9th ed. 1923); Ward v. State, 528 N.E.2d 52 (Ind.1988); State v. Kilgus, 128 N.H. 577, 519 A.2d 231 (1986); Braham v. State, 571 P.2d 631 (Alaska 1977), cert. denied, 436 U.S. 910, 98 S.Ct. 2246, 56 L.Ed.2d 410 (1978); State v. Gay, 4 Wash. App. 834, 486 P.2d 341 (1971), review denied, 79 Wash.2d 1006 (1971); State v. Mandel, 78 Ariz. 226, 278 P.2d 413 (1954).
The majority view is persuasive and should be followed. See State v. Gamble, 504 So.2d 1100 (La.App. 5 Cir.1987) (where an act beyond solicitation was required to constitute an attempted crime against nature under R.S. 14:89.1).

CONCLUSION
Baxley is not charged with conduct violating LSA-R.S. 14:89(A)(1), nor is he subject to any responsive verdict which would put him in jeopardy of a conviction under LSA-R.S. 14:89(A)(1). Since the application of subpart (A)(1) cannot adversely affect Baxley, he does not have standing to contest the constitutionality of that portion of LSA-R.S. 14:89. Because Baxley does not have standing to contest the constitutionality of subpart (A)(1), this Court cannot and does not reach the issue of whether LSA-R.S. 14:89(A)(1) violates the state constitutional right to privacy. This Court has previously adhered to "the principle that a person to whom a statute may constitutionally be applied will not be heard to challenge that statute on the ground that it may conceivably be applied unconstitutionally to others, in other situations not before the court." State v. Greco, 583 So.2d 825, 828-29 (La.1991).
For the foregoing reasons, the judgment is reversed and the case is remanded to the trial court for further proceedings according to law. Logan v. Louisiana Dock Co., Inc., 541 So.2d 182 (La.), cert. denied, 492 U.S. 939, 110 S.Ct. 30, 106 L.Ed.2d 639 (1989).
REVERSED AND REMANDED.
CALOGERO, C.J., concurs in part, dissents in part and assigns reasons.
ORTIQUE, J., concurs and assigns reasons.
CALOGERO, Chief Justice, concurring in part, dissenting in part.
The legislature's proscription of commercial solicitation of unnatural carnal copulation is not unconstitutional, and, if included in part of a constitutional statute, would be a prosecutable crime. The majority's implicit determination regarding the foregoing is a matter in which I concur. Nonetheless, because I believe this relator has standing to attack the constitutionality of subsection A(1) and the full statute, LSA-R.S. 14:89, and because I believe LSA-R.S. 14:89A(1) is unconstitutional insofar as it bars private sexual activity between consenting adults, I dissent.
Defendant, who has broadly been charged with violating LSA-R.S. 14:89, is at risk of being found guilty of an attempt to engage in the unnatural carnal copulation prohibited by subpart A(1), in my view. Should the judge or jury at trial believe there was a solicitation, but no offer of money (and it seems that that is what this defendant may be prepared to assert at trial), this defendant may well be found guilty of an attempt to engage in unnatural carnal copulation, in private and without the exchange of money. See State v. Wallace, 466 So.2d 714 (La.App. 4th Cir. 1985), a solicitation for compensation case in which the Fourth Circuit found sufficient evidence to support conviction for attempted crime against nature in violation of LSA-R.S. 14:89, 14:27; see also Ward v. State, 528 N.E.2d 52 (Ind.1988); Braham v. State, 571 P.2d 631 (Alaska 1977), cert. denied, 436 U.S. 910, 98 S.Ct. 2246, 56 L.Ed.2d 410 (1978).
Because this statute is comprehensive, proscribing both heterosexual and homosexual, both private and public, and both commercial and noncommercial activity, it invades the area of protected privacy recognized in article I, section 5 of the Louisiana constitution. If LSA-R.S. 14:89A(1) fails to meet the requirements of constitutionality, the whole statute must be stricken. An interference with such a personal privacy right must be narrowly drawn to express a compelling state interest. State v. Perry, 610 So.2d 746, 760 (La.1992); Hondroulis v. Schuhmacher, 553 So.2d 398, 415 (La.1989) (citing Carey v. Population Services, 431 U.S. 678, 685, 97 S.Ct. *147 2010, 2016, 52 L.Ed.2d 675 (1977)). Few areas of personal autonomy are more private than sexual intimacy between consenting adults. Accordingly, the state must demonstrate a compelling interest in order to justify criminalizing such personal choices, and no such compelling interests have been urged, much less shown, by the state in this case. I would affirm the district court's ruling that the statute is not narrowly tailored to address a compelling state interest and would find LSA-R.S. 14:89 unconstitutional.
ORTIQUE, Judge, concurring.
Defendant is charged with committing a crime against nature, solicitation of unnatural carnal copulation, a violation of LSA-R.S. 14:89(A)(2). Thus, I agree with the majority that defendant does not have standing to challenge the constitutionality of LSA-R.S. 14:89(A)(1) which prohibits non-commercial, consensual private acts of oral sex. He was charged solely with committing the commercial exploitation of oral sex, and not with committing any of the private, non-commercial acts of oral sex prohibited by LSA-R.S. 14:89(A)(1).
The language of LSA-R.S. 14:89 is obsolete. It does not define "unnatural carnal copulation." It merely provides in subsection A(1) that a "crime against nature" is the "unnatural carnal copulation by a human being with another of the same sex or opposite sex or with an animal ...", and in subsection A(2) that a "crime against nature" is the solicitation by a human being of another with the intent to engage in "unnatural carnal copulation for compensation." I respectfully suggest that corrective measures should be enacted to eliminate the continued use of the outmoded language "unnatural carnal copulation" when describing the act of oral sex between human beings. Revamping of this antiquated statute is long overdue. Morality statutes should reflect the moral standards of the era and not those of the turn of the previous century. While the state has a legitimate interest in proscribing bestiality and even the public solicitation of oral sex for compensation, in my view, it does not have a legitimate public policy interest in regulating the non-commercial, consensual private acts of oral sex between consenting adult human beings. LSA-R.S. 14:89 should be amended to reflect current community values without doing violence to our Louisiana and United States Constitutions.
NOTES
[1] Pursuant to Rule IV, Part 2, § 3, Dennis, J. was not on the panel which heard and decided this case. See the footnote in State v. Barras, 615 So.2d 285 (La.1993).