|1THIBODEAUX, Judge.
Scott Smith was convicted of attempted aggravated crime against nature in violation of La.R.S. 14:89.1(A)(6) and 14:27(A). He appeals his conviction on the basis that the evidence was insufficient to convict him.
We agree. Because the state’s evidence failed to prove that an “act” occurred tending directly toward committing aggravated crime against nature, we |2reverse the jury verdict and vacate and set aside the defendant’s conviction and sentence.

INTRODUCTORY FACTS

Allegations of attempted sex acts by the defendant were first brought to police attention by the victim’s mother, Armentine Smith. On May 18, 1992, the victim called his grandmother on the telephone at 4:00 o’clock in the morning and told her that his father had asked him to perform oral sex. The grandmother drove to the victim’s house, then took the victim home with her. The authorities were notified, an investigation was conducted, and the defendant • was charged with the offense.

LAW AND ANALYSIS

The defendant asserts that the verdict below “is contrary to the law and the evidence,” and cites Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). By this assignment of error the defendant contends that the evidence, when viewed in the light most favorable to the prosecution, is not sufficient to sustain a conviction.
When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, supra; State ex rel. Graffagnino v. King, 436 So.2d 559 (La.1983); State v. Duncan, 420 So.2d 1105 (La.1982).
In order for the state to obtain a conviction, it is axiomatic that it must prove the elements of the crime beyond a reasonable doubt.
Defendant submits that the state failed to prove beyond a reasonable doubt that Scott Smith committed an “act” for the purpose of and tending directly | |3toward committing aggravated crime against nature. Defendant contends that the evidence adduced at trial does not support defendant’s conviction even if the testimony of Chad and Jody Fisher is accepted as completely true.
The attempt statute, La.R.S. 14:27(A), provides:
A. Any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit *819 the offense intended; and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose.
Thus, the evidence submitted by the state at trial must be compared to the requirements of La.R.S. 14:27(A) and the elements set out in La.R.S. 14:89.1(A)(6):
A. Aggravated crime against nature is crime against nature committed under any one or more of the following circumstances:
(6) When the victim is under the age of seventeen years and the offender is at least three years older than the victim.
“Crime against nature” is defined at La. R.S. 14:89(A):
(1) The unnatural carnal copulation by a human being with another of the same sex or opposite sex or with an animal, except that anal sexual intercourse between two human beings shall not be deemed as a crime against nature when done under any of the circumstances described in R.S. 14:41, 14:42, 14:42.1 or 14:43. Emission is not necessary; and, when committed by a human being with another, the use of the genital organ of one of the offenders of whatever sex is sufficient to constitute the crime.
La.R.S. 14:27 requires specific intent to commit a crime, and case law makes clear that such intent can be inferred from the circumstances of the case and the defendant’s actions. State v. Yarbrough, 596 So.2d 311, 314 (La.App. 3d Cir.), unit denied, 599 So.2d 317 (1992).
Defendant’s entering the victim’s room, lying on a bed, asking the victim to sit on his chest so that he could perform oral sex on the victim seems sufficient to establish specific intent to violate La.R.S. 14:89.1(A)(6). As the victim is defendant’s son, it may be inferred that defendant is fully aware of the victim’s age. |4See also La.R.S. 14:10(1). Thus, the circumstances of the ease indicate that the defendant actively desired to have oral sex with a child under seventeen years old, who is at least three years younger than the defendant, as proscribed by La.R.S. 14:89.1(A)(6).
Defendant’s brief focuses on whether he committed an “act” as set out in La.R.S. 14:27(A). Defendant asserts that “[m]erely walking into a bedroom, lying on a bed and asking someone to allow you to perform oral sex on them does not constitute an act within the meaning of La.R.S. 14:27.”
As defendant’s brief notes, defendant did not touch the victim, did not lie next to him, and never threatened him. Defendant left the room immediately when the victim refused. Victim’s testimony as to whether defendant was clothed or not was uncertain, but supporting testimony by victim’s brother indicates that the defendant was clothed.
There is little case law discussing what constitutes an “act” for the purposes of attempted aggravated crime against nature. A recent Louisiana Supreme Court case, State v. Baxley, 633 So.2d 142 (La.1994), analyzed the issue in light of La.R.S. 14:89, the basic crime against nature statute. The appellant Baxley was charged under La.R.S. 14:89(A)(2), solicitation to engage in oral sex for compensation. The trial court held that subparts (A)(2) and (A)(1) prohibiting oral sex were not severable, and that (A)(1) was an unconstitutional violation of La. Const, art. I, § 5 which guarantees citizens’ right to privacy. Id. at 143, 144.
At the supreme court, Baxley argued that he could be convicted under La.R.S. 14:89(A)(1) as a responsive verdict to the charge under (A)(2). The court rejected this argument, stating:
|5This reasoning is erroneous. LSA-R.S. 14:89(A)(1) prohibits a person from engaging in certain sexual conduct. Mere discussion or solicitation without a financial aspect cannot constitute an attempt to engage in conduct prohibited by LSA-R.S. 14:89(A)(1). Under LSA-R.S. 14:27, a person is guilty of an attempted crime if the person, “having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object.” Thus, an act furthering a crime against nature is required before a court can find a defendant guilty of attempted crime against nature under LSA-R.S. 14:89(A)(1). Solicita *820 tion alone does not constitute an attempt to commit a crime. See LSA-R.S. 14:28 Comments.
Id. at 145. The court went on to say that since Baxley was not subject to a responsive verdict under La.R.S. 14:89(A)(1), he did not have standing to challenge its constitutionality. Id. at 146.
Thus, the language regarding “acts” was key to the court’s decision, and not mere dicta. If “ [solicitation is preparation rather than perpetration” Id., and, therefore, not an overt “act,” then Scott Smith’s conviction must be reversed. Under the facts adduced at trial, Scott Smith went no further than asking for oral sex. When he was refused, he left. Lying in the victim’s empty bed could constitute no more than mere preparation, as it is not necessarily an act for the purpose of and tending directly toward having unnatural carnal copulation/oral sex.
Since Louisiana case law on the matter is sparse, an out of state case cited by the Baxley court, State v. Miller, 252 A.2d 321 (Me.1969), may be helpful. Miller was convicted of an “attempt to induce and procure a child to take indecent liberties.” Id. at 323. After stating that mere solicitation alone does not constitute an attempt to commit a crime, the court went on to hold that Miller’s actions of unbuttoning the victim’s dress and exposing himself were overt “acts” sufficient to constitute attempt. Id. at 325.
|6There were no such actions in the present case. The testimony of the victim and the corroborating witness indicated that defendant never touched the victim, nor made any move to undress him. The victim did not know if defendant was clothed, and the corroborating witness stated that defendant was clothed. Thus, the factual circumstances of Miller did not exist in this case.
Therefore, based upon the Baxley analysis of the relation between solicitation and attempt, defendant Smith’s actions were not sufficient to constitute an “act” within the meaning of La.R.S. 14:27(A). Viewing all the evidence in the light most favorable to the state, i.e., taking testimony of the victim and the corroborating witness as true, the evidence does not prove the elements required by La.R.S. 14:27(A) and La.R.S. 14:89.1(A)(6).
Under Baxley, asking for oral sex is not an “act” for the purpose of and tending directly toward having unnatural carnal copulation by a human being with another, when the victim is under seventeen years old and the offender is at least three years older than the victim. See La.R.S. 14:27(A), 14:89, 14:89.1(A)(6).
We note that the jury specifically requested a clarification of “act” for the purposes of the attempt statute. The judge’s ultimate reply was, "... that is the question you must decide.”
This statement by the trial judge was partially incorrect. “Act” has a specific legal meaning in relation to attempt, as already discussed. See La.R.S. 14:27(A), and Baxley. Clearly, not every physical action or omission is an “act” under the law. Equipped with the legal definition or explanation of “act,” the jury could then apply that definition to the facts before it. Under La. Code Crim.P. arts. 801 and 808, this is not reversible error as there was no objection by defendant at the time. Also, the trial judge’s reply to the jury query was not entirely wrong, as the |7definition of “act” appears to be a mixed question of law and fact. However, the exchange highlights the difficulty of the issue presented here.
While we agree with the dissent’s characterization of the defendant’s conduct as “miscreant behavior,” the law has not elevated such behavior to illegality. The defendant’s admittedly despicable conduct is, nonetheless, not an “act” within the contemplation of the statute.

CONCLUSION

The jury erred in finding the defendant guilty of attempted aggravated crime against nature. Its verdict is, therefore, reversed and the defendant’s conviction and sentence are vacated and set aside.
VERDICT REVERSED; CONVICTION AND SENTENCE VACATED AND SET ASIDE.
SAUNDERS, dissents and assigns reasons.