661 So.2d 442 (1995)
STATE of Louisiana
v.
Scott SMITH.
No. 94-K-3116.
Supreme Court of Louisiana.
October 16, 1995.
*443 Richard P. Ieyoub, Attorney General, Robert "Rick" Bryant, District Attorney, Patricia H. Minaldi, Paul P. Reggie, Lake Charles, for Applicant.
Ronald F. Ware, Lake Charles, for Respondent.
MARCUS, Justice[*].
Scott B. Smith was charged by bill of information with two counts of attempted aggravated crime against nature in violation of La.R.S. 14:89.1(A)(6) and La.R.S. 14:27. After trial, the jury found defendant guilty on count one and not guilty on count two. The trial judge sentenced defendant to a suspended sentence of four years imprisonment at hard labor, placed him on four years supervised probation and ordered him to serve six months in the parish jail. Smith appealed his conviction on count one, contending that the evidence was insufficient to support his conviction. The court of appeal, with one judge dissenting, reversed his conviction and sentence.[1] Upon the state's application, we granted certiorari to review the correctness of that decision.[2]
One night in 1989, defendant entered his minor sons' bedroom while his wife was out with her parents. Chad, ten years old, left his own bed and climbed in bed with his older brother Jody because he did not want to be around his father. Defendant then lay down on Chad's bed and asked Chad to come see him. When Chad walked over to the bed, defendant asked Chad to sit on his chest so he could suck Chad's penis. Chad began to cry and returned to his brother's bed. Defendant left the room. When Chad's mother and grandparents returned home, Chad told them about the incident but they did not report it to authorities. Defendant checked into a hospital that night and remained under a doctor's care for a week. In May 1992, after a similar incident, defendant was arrested and charged with two counts of attempted aggravated crime against nature.
The sole issue presented for our consideration is whether there is sufficient evidence to support defendant's conviction. The state argues that there was sufficient evidence to prove that defendant intended to commit an aggravated crime against nature and did an act for the purpose of accomplishing his object.
When considering a claim of insufficient evidence, a reviewing court must determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). It is not the function of an appellate court to assess credibility or reweigh the evidence. State v. Stowe, 93-2020 (La. 4/11/94); 635 So.2d 168, 171.
In order to prove that Smith was guilty of attempted aggravated crime against nature, the state had to prove the elements set forth in La.R.S. 14:27 and 14:89.1(A)(6) which provide in pertinent part:
§ 27. Attempt
A. Any person who, having specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose.

*444 B. Mere preparation to commit a crime shall not be sufficient to constitute an attempt....
§ 89.1. Aggravated crime against nature
A. Aggravated crime against nature is crime against nature committed under any one or more of the following circumstances:
(6) When the victim is under the age of seventeen years and the offender is at least three years older than the victim.
Through La.R.S. 14:89, the legislature has proscribed two types of conduct, each of which constitutes a crime against nature. A person commits a crime against nature either by engaging in unnatural carnal copulation with another (14:89(A)(1)) or by soliciting another with the intent to engage in the illicit act for compensation (14:89(A)(2)). State v. Woljar, 477 So.2d 80, 82 (La.1985). We have held that unnatural carnal copulation includes oral-genital contact between a defendant and a victim. State v. Phillips, 365 So.2d 1304, 1308 (La.1978).
In determining whether the action of a defendant is an attempt, the totality of the facts and circumstances presented by each case must be evaluated. State v. Williams, 490 So.2d 255, 261 (La.1986). The overt act need not be the ultimate step toward or the last possible act in the consummation of the crime attempted. Id. It is the intent to commit the crime, not the possibility of success, that determines whether the act or omission constitutes the crime of attempt. State v. Pappas, 446 So.2d 523, 524 (La.App. 4th Cir.1984).
We recently addressed the issue of whether solicitation of oral sex can constitute an attempt under La.R.S. 14:89(A)(1) in State v. Baxley, 93-2159 (La.2/28/94); 633 So.2d 142. We held that Baxley did not have standing to challenge the constitutionality of La.R.S. 14:89(A)(1), which punishes engaging in unnatural carnal copulation, because he was charged with violating La.R.S. 14:89(A)(2), which punishes solicitation of another with the intent to engage in unnatural carnal copulation for compensation. The defendant had argued that he could also be convicted of attempted crime against nature under La.R.S. 14:89(A)(1). In finding his reasoning erroneous, we stated that solicitation of another to commit a crime is only preparatory and is not an overt act which would support a conviction for the attempt of the crime solicited. For the court to find the defendant guilty of attempted crime against nature under La.R.S. 14:89(A)(1), an act furthering a crime against nature is required. Baxley's only act was to offer an undercover police officer who was sitting on a French Quarter stoop $20 for oral sex. Thus, he was guilty of solicitation of a crime against nature under La.R.S. 14:89(A)(2) but not attempted crime against nature under La.R.S. 14:89(A)(1).
In contrast, the evidence in the present case indicates that Smith attempted to commit an act of oral sex with his son Chad. Both Chad and his older brother Jody testified that after they had gone to bed for the night, defendant entered their bedroom and lay upon Chad's bed. Jody and Chad testified that defendant then told Chad to come over to the bed and to sit on his chest so that defendant could suck Chad's penis. At trial, defendant denied entering the boys' room that night and asking Chad for oral sex. However, defendant testified that when he was confronted by his wife and her parents with allegations that he had attempted to molest Chad, he said, "[I]f I did that, I need psychiatric help." Defendant voluntarily sought psychiatric treatment at a local hospital that night and remained under hospital care for one week following the incident.
Unlike the defendant in Baxley who merely solicited oral sex, Smith did several acts in his attempt to engage in oral sex with his son. He entered his sons' room. He lay on Chad's bed, and he asked Chad to engage in oral sex with him. The nature of the act requested by defendant required compliance by his son, not action by defendant. Furthermore, in Baxley, the illegal solicitation took place on a public street between two adult strangers. An adult on a public street can reject unwanted sexual suggestions from strangers by ignoring the remarks and walking away. In the present case, the encounter occurred between father and son in the *445 child's bedroom where the child was subject to the authority of his father and not free to leave.
Clearly, Smith had specific intent to commit a crime against nature with his son that night. He entered his sons' room with the specific intent of engaging in oral sex and for no other reason. He lay down on Chad's bed for that purpose, and he left the room after his son refused to submit to his demand. The fact that his intended victim did not comply with his demand does not negate the fact that the defendant attempted to commit a crime against nature with his son and took distinct steps toward accomplishing his object. Defendant's acts of entering the room, lying on the bed and requesting his son to sit on his chest tended directly toward the commission of an aggravated crime against nature and were more than mere preparation.
Viewing the evidence in the light most favorable to the prosecution, a rational factfinder could have found beyond a reasonable doubt that defendant had specific intent to commit a crime against nature and did an act tending directly toward accomplishing his goal. The court of appeal erred in holding otherwise. We must reverse.

DECREE
For the foregoing reasons, the judgment of the court of appeal is reversed. Defendant's conviction and sentence are affirmed.
NOTES
[*] Judge Ned E. Doucet, Jr., Court of Appeal, Third Circuit, sitting by assignment in place of Justice James L. Dennis. Calogero, C.J. not on panel. Rule IV, Part 2, § 3.
[1] 94-388 (La.App. 3rd Cir. 11/9/94); 645 So.2d 817.
[2] 94-3116 (La. 6/2/95); 654 So.2d 1095.