IN THE SUPREME COURT OF TENNESSEE

AT NASHVILLE

FILED

October 25, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | FOR PUBLICATION |
| | ) | |
| Appellant, | ) | FILED: _____, 1999 |
| | ) | |
| v. | ) | COFFEE COUNTY |
| | ) | |
| CHARLES D. FOWLER, | ) | HON. JOHN W. ROLLINS, JUDGE |
| | ) | |
| Appellee. | ) | NO. 01-S-01-9810-CC-00185 |

DISSENTING OPINION

The criminal attempt statute in issue provides:

> (a) A person commits criminal attempt who, acting with the kind of culpability otherwise required for the offense:
>
> . . . .
>
> (3) Acts with intent to complete a course of action or cause a result that would constitute the offense, under the circumstances surrounding the conduct as the person believes them to be, <u>and the conduct constitutes a substantial step toward the commission of the offense</u>.
>
> (b) Conduct does not constitute a substantial step under subdivision (a)(3) unless the person's entire course of action is corroborative of the intent to commit the offense.

Tenn. Code Ann. § 39-12-101 (1997)(emphasis added).

In determining whether certain conduct constitutes, as a matter of law, "a substantial step toward the commission of the offense . . . corroborative of the intent to commit the offense,"

my esteemed colleagues have embraced a construction of the statute which, in my opinion, is far too expansive. Because I remain firmly convinced that the statute should be narrowly construed, I respectfully dissent.

Our criminal attempt statute was discussed recently by this Court in State v. Reeves, 916 S.W.2d 909 (Tenn. 1996). In Reeves, a twelve-year-old defendant told a friend that she intended to poison her teacher's coffee. The following day, one of the defendant's friends brought rat poison to school, and the defendant was observed "leaning over" the teacher's desk. When the teacher entered the classroom, she found a purse containing rat poison next to her coffee cup.

The Court, tailoring the opinion to the facts of the case, stated:

> when an actor possesses materials to be used in the commission of a crime, at or near the scene of the crime, and where the possession of those materials can serve no lawful purpose of the actor under the circumstances, the jury is entitled, but not required, to find that the actor has taken a "substantial step" toward the commission of the crime if such action is strongly corroborative of the actor's overall criminal purpose.

Id. at 914 (emphases added). Thus, it appears that the Court has eschewed the opportunity to interpret the statutory language of Tenn. Code Ann. § 39-12-101(a)(3) narrowly, deciding instead to apply a fairly broad interpretation to the term "substantial step."

2

Notwithstanding this expansive interpretation, by statute, the State is still required to prove "substantial step" conduct. Indeed, my dissent in Reeves was based on my view that the evidence was insufficient to support a finding of "substantial step" conduct. In my opinion, the record did not demonstrate that the twelve-year-old defendant's possession of poison at school was "strongly corroborative" of an intent to commit second-degree murder; nor did her conduct constitute a substantial step toward the commission of the underlying offense.

This case provides yet another opportunity to demonstrate the danger inherent in an expansive construction of Tenn. Code Ann. § 39-12-101(a)(3). Here, Fowler expressed a willingness to become sexually involved with a young boy. Aside from this expression, the only other action the defendant took was to give the undercover agent a check for $200. Fowler's conduct may constitute the indirect solicitation of a crime, but it does not constitute criminal attempt.

The authorities conclude generally that "as a general proposition . . . mere criminal solicitation of another to commit a crime does not constitute an attempt." Gervin v. State, 212 Tenn. 653, 371 S.W.2d 449, 450 (1963).[1] Before a defendant will be deemed guilty of an attempt to commit the crime solicited, he or she must both solicit another to commit a crime and perform "some

---

[1]Though the criminal attempt analysis in Gervin has been superseded by statute, the court's discussion of the analytical distinction between solicitation and criminal attempt remains legally valid.

other act toward its perpetration."[2]  4 Charles E. Torcia, Wharton's Criminal Law § 672 (15th ed. 1996).  More specifically, in State v. Baxley, 633 So.2d 142, 145 (La. 1994), the Louisiana Supreme Court reviewed cases from various jurisdictions considering whether soliciting another to commit a sexual offense supports a conviction for attempt.  The Court found that the view held by the majority of jurisdictions is that solicitation may not be equated with an attempt to commit a sexual offense.  Id. at 46. Additionally, the Court found that the majority view "is persuasive and should be followed."  Id.  Likewise, in a case involving attempted statutory rape, this Court has noted that "[t]he weight of authority . . . is that mere solicitation is not sufficient [to constitute criminal attempt]."[3]  McEwing v. State, 134 Tenn. 649, 185 S.W. 688, 689 (1916).

It is difficult to conceive of an attempted rape which does not include at least limited physical contact.  Conduct short of physical contact may suggest the actor's intent and preparation

_____

[2]Granted, Fowler was not directly soliciting another to commit the crime of statutory rape; he was soliciting an officer to procure a minor to engage in illegal sexual activities which would constitute statutory rape.  However, the principle still applies; in addition to indirectly soliciting the crime through the officer, there must be "some other act toward its perpetration," to constitute attempt.  4 Charles E. Torcia, Wharton's Criminal Law § 672 (15th ed. 1996).

[3]In McEwing, the Court affirmed the defendant's conviction for attempted statutory rape based in part on the physical contact between the defendant and the victim.  Though the "overt act" analysis applied by the McEwing court has been superseded by statute, the historical distinction between solicitation and attempted sexual offenses is a principle that transcends the varying statutory definitions of the type of conduct that rises to the level of criminal attempt.  See Tenn. Code Ann. § 39-12-101 (1997).

4

to commit a rape; it does not, however, show a substantial step toward the commission of that crime. Therefore, conduct which falls short of physical contact does not constitute attempted rape.

In the case before us, the proof is sufficient to establish the offense of solicitation of a minor.[4] But I would hold that the proof fails miserably to support Fowler's conviction of attempted statutory rape as defined in Tenn. Code Ann. § 39-12-101(a)(3).

Accordingly, for the reasons outlined above, I respectfully dissent from the result reached here by the majority of my colleagues.

_____
ADOLPHO A. BIRCH, JR., Justice

---

[4]Tenn. Code Ann. § 39-13-528 (Supp. 1998)(effective July 1, 1998).

5