ItGORBATY, Judge.
Tracy L. Kelly appeals his conviction for attempted solicitation of a crime against nature. Because we have discovered a fatal error patent, we vacate the conviction and sentence, and remand this matter to the trial court for a new trial.
FACTS:
On March 1, 2001, Tracy L. Kelly was charged by bill of information with solicitation for a crime against nature in violation of La.Rev.Stat. 14:89(2). Kelly was found guilty of attempted solicitation of a crime against nature after a trial, and subsequently was sentenced to serve seventeen months at hard labor on May 18. The state filed a multiple bill charging Kelly as a third felony offender, and after being advised of his rights, Kelly pleaded guilty to the bill. After his earlier sentence was vacated, he was sentenced to serve three years without benefit of probation or suspension of sentence under La.Rev.Stat. 15:529.1.
At trial Officer Marcellus White of the Vice Crimes Section of NOPD testified that about 12:15 a.m. on a rainy December 28, 2000, he noticed the defendant leaning against a pole on the riverside of North Rampart and St. Ann Streets. The officer, who was driving an unmarked car and wearing plain clothes, made eye contact with Kelly who then gestured to the officer to pull over. Officer | ¡White alerted his backup team via radio that he was stopping for someone. He pulled over opposite to Armstrong Park, and Tracy Kelly walked to his car and pulled on the passenger door handle. The officer unlocked the door, and Kelly got into the car and told the officer his name was Trey. He complained that he and his boyfriend had argued, and he had been put out on the street. Now he was “hustling” and he charged $20. Officer White asked what costs $20, and Kelly replied that “he was going to give me head.” Officer White then gave a signal to his backup team, and Detective Frank Young arrested the defendant.
Detective Frank Young testified that he was in uniform driving a marked police car when he arrested Tracy Kelly. When Officer White gave the backup team a signal, another unmarked car received it, and the officer in that car notified Detective Young. Officer White had driven about *610 five or six blocks after he gave the signal before his car was stopped by Detective Young, who arrested Kelly, advised him of his rights, and took him to jail.
Ms. Nahkee Dejean, who testified for the defense, first admitted that at the time of trial she was incarcerated for possession of cocaine and that she has three prior convictions, one for possession of cocaine, one for possession with intent to distribute, and one for possession of a firearm by a convicted felon. However, prior to her incarceration, Tracy Kelly was her boyfriend, and they lived together about eleven months. Ms Dejean said Kelly had never taken her to gay bars, worn her clothes, or brought men home, and if he had, she “probably would have tried to kill him.” She testified that he was “all man.”
Tracy Lynn Kelly testified that he is a professional blues player, and he sings and plays the piano at the R & B Club in the French Quarter. He acknowledged that he has three burglary convictions from Alabama. On the night |3in question, he had been to hear his friend E.J. play at the Funky Palace; he left at midnight and walked toward Armstrong Park. As he walked, he noticed a car following him, but he walked on to the bus stop. The car slowed, and the driver looked directly at him and honked the horn. It was raining hard and very cold, and when Kelly approached the car, the driver opened it so that Kelly could get in. The driver asked Kelly where he was going, and he asked to be dropped off at the McDonald’s near his home because he did not want his friends to see him arrive in a police car. When the driver asked Kelly “how big he [was],” Kelly prepared to get out of the car as soon as it slowed, but just then a police car stopped them and he was arrested. Kelly denied soliciting the officer.
DISCUSSION:
In a single assignment of error, Kelly argues that the trial court erred in failing to correctly advise him of the post-conviction relief provisions. However, before addressing that issue, we note two errors patent. At the sentencing hearing on May 18, 2001, a motion for a new trial was made and denied. The record does not indicate that the defendant waived his right to a twenty-four hour delay between the denial of this motion and his sentencing as required by La.Code Crim. Proc. art. 873. However, because the trial court subsequently set aside the original sentence at the habitual offender proceeding, this sentencing error is harmless. La. Code Crim. Proc. art. 921; State v. Patterson, 459 So.2d 714 (La.App. 4 Cir.1984).
The second error patent is fatal. Kelly was convicted of attempted solicitation for a crime against nature. Although the defense did not object to the verdict when it was announced, a non-responsive verdict has been held to be error Lpatent on the face of the record which does not require a contemporaneous objection. State v. Mayeux, 498 So.2d 701 (La.1986).[1]
Furthermore, in State v. Baxley, 93-2159 (La.2/28/94), 633 So.2d 142, where the *611 defendant maintained that a conviction for attempted crime against nature was a responsive verdict if the court found that he only discussed uncompensated fellatio with the undercover officer, the Supreme Court observed that the trial court seemed to accept this position, but the Court stated:
This reasoning is erroneous. LSA-R.S. 14:89(A)(1) prohibits a person from engaging in certain sexual conduct. Mere discussion or solicitation without a financial aspect cannot constitute an attempt to engage in conduct prohibited by LSA-R.S. 14:89(A)(1). Under LSA R.S. 14:27, a person is guilty of an attempted crime if the person, “having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object.” Thus, an act furthering a crime against nature is required before a court can find a defendant guilty of attempted crime against nature under LSA-R.S. 14:89(A)(1). Solicitation alone does not constitute an attempt to commit a crime. See LSA-R.S. 14:28 Comments.
It is generally recognized by legal authorities and other jurisdictions that solicitation of another to commit a crime is only | ^preparatory to the crime and not an overt act which would support a conviction for attempt of the crime solicited. Solicitation is preparation rather than perpetration. To call solicitation an attempt is to delete the overt act element necessary for an attempt. [Citations omitted.] [Emphasis added].
Baxley, pp. 7-8, 633 So.2d at 145.
Under Baxley, the trial court should not have returned a verdict of attempted solicitation for crime against nature, as such a crime does not exist. Moreover, a contemporaneous objection is not required to preserve an error such as a non-responsive verdict for a crime that does not exist.
The assignment of error concerning the advice Kelly received concerning post-conviction relief deadlines is moot.
Accordingly, this case is remanded to the trial court for a new trial on the original charge pursuant to State v. Mayeux, which held the verdict of guilty of a non-crime does not serve as an acquittal or a conviction for double jeopardy purposes. Accordingly, Tracy Kelly’s conviction and sentence are vacated, and the matter is remanded to the trial court for a trial on the original charge.
CONVICTION AND SENTENCE VACATED; REMANDED FOR NEW TRIAL.

. In Mayeux, the defendant, charged with aggravated battery, was convicted of attempted aggravated battery. On appeal, the Third Circuit found that the verdict was invalid because La. Code Crim. Proc. art. 814(A)(14) did not list attempted aggravated battery as a responsive verdict. The court then ordered the defendant discharged, reasoning that the return of the erroneous responsive verdict constituted an acquittal on the original charge. State v. Mayeux, 485 So.2d 256 (La.App. 3 Cir.1986). When the state sought writs in the Supreme Court, that Court found that retrial of the defendant was not barred by the principal of double jeopardy because the crime for which he was convicted, attempted aggravated batteiy, was an unspecified crime in Louisiana and could not have the same effect as a conviction for aggravated assault, which is a specified crime even though it is not a listed responsive verdict under La.Code Crim. Proc. art. 814. Mayeux, 498 So.2d at *611 703. The Court further stated that, "the fifth Amendment does not bar retrial when a jury’s verdict, containing a nonwaivable defect, must be set aside by an appellate court. The jury rendered an illegal verdict.... It amounted simply to conviction of a non-crime. As such it could operate neither as a conviction nor acquittal.” Id. at 705.