KNOLL, J.,
dissenting.
hi cannot join the majority opinion finding that an oral comment, unaccompanied by any overt act, is legally sufficient to support a conviction of criminal attempt under La.Rev.Stat. § 14:27. Defendant’s sexually charged comments were unquestionably crude, offensive, and wholly inappropriate. However, that alone does not make them worthy of criminal punishment. Louisiana’s long-standing statutory and jurisprudential authority holds that a conviction for attempt must include an affirmative act towards the furtherance of the crime. Words alone, no matter how crude, *205 are insufficient. There is no record evidence that defendant committed any overt physical act — he did not take his clothing off, move towards the juvenile, or try to touch him. After the inappropriate words were spoken, the juvenile felt free to refuse the request and immediately left the room. Defendant let him go without threatening or intimidating him. As there is no evidence of any overt act towards the accomplishment of a crime, I respectfully dissent.
DISCUSSION
| gA conviction for attempt under La. Rev. Stat. § 14:27 requires the State to prove two elements beyond a reasonable doubt: a “specific intent to commit the particular offense” and an “overt act done for the purpose of and tending directly toward the accomplishment of the offense.” State v. Love, 26 So.2d 156, 157, 210 La. 11 (1946). The crux of the question before us is whether defendant’s lewd statement, without any accompanying physical action, constitutes an “overt act” furthering the crime of indecent behavior with a juvenile.
The “overt act” requirement distinguishes attempt from the related crime solicitation, which may be committed by words alone without any accompanying action. This distinction between solicitation and attempt is discussed in the reporter’s comments to La.Rev.Stat. § 14:28:
Solicitation and attempt — separate offenses:
Very few states have enacted general statutes making it an offense to incite crime, but a number recognize it as a common law offense. In states where solicitation is not a separate offense, either by statute or by the adoption of common law crimes, there is some tendency to permit the person who solicits another to commit a crime to be convicted of an attempt. However, it is generally held that a solicitation does not constitute an attempt. Thus, it was felt that a special section should be proposed, punishing one who solicits or incites a felony.
Inciting a felony is a less serious offense than attempt, since it involves the contingency of the person solicited being unwilling to commit the crime. There is not the same dangerous proximity to success that is found in the attempt. Thus it is not surprising, that courts have usually refused to stretch the attempt concept to include this more remote, though equally anti-social, activity.
(Emphasis added, citations omitted).
The debate as to whether mere verbal solicitation qualifies as an attempt dates back to the late nineteenth century. 2 Wayne LaFave, Substantive Criminal Law § 11.1(f), p. 203 (2d ed.2003), citing 1 J. Bishop, Criminal Law § 768(c) (8th ed. 1892)(solicitation is attempt) and 1 F. Wharton, Criminal Laxo § 218 (12th ed. |a 1932)(solicitation is not attempt). The most recent edition of Wharton’s treatise notes that, while there is “some authority to the contrary, most courts take the view that the mere act of solicitation does not constitute an attempt to commit the crime solicited.” 4 Wharton’s Criminal Law, § 671, p. 525 (15th ed.1996, Charles E. Torcia, ed.) Louisiana courts have consistently followed this majority rule in keeping solicitation and attempt as wholly separate crimes.
This Court directly addressed the issue in State v. Baxley, 93-2159 (La.2/28/94), 633 So.2d 142. The defendant, Johnny Baxley, approached an undercover police officer and offered twenty dollars for oral sex. He was arrested and charged with committing a “crime against nature” under La.Rev.Stat. § 14:89. The then-current version of § 14:89, which has since been *206 amended, included two subsections: § 14:89(A)(1), which forbid the “unnatural carnal copulation by a human being with another of the same sex or opposite sex or with an animal,” and § 14:89(A)(2), which forbid the “solicitation by a human being of another with the intent to engage in any unnatural carnal copulation for compensation.” (emphasis added). Baxley challenged the statute on constitutional grounds. Id. at 143.
Both parties agreed that Baxley could be charged under § 14:89(A)(2), as he had solicited the officer by offering money for oral sex. He thus had standing to challenge that portion of the statute. The State disputed Baxley’s standing to challenge § 14:89(A)(1), as he had not actually engaged in any act of unnatural carnal copulation. Baxley argued he did have standing because he could have been found guilty of attempted unnatural carnal copulation as a responsive verdict; by approaching the officer and offering $20 for oral sex, a reasonable jury could have 1 ¿returned a guilty verdict for attempt. Id. at 145.[1] This Court disagreed and held Baxley’s actions were legally insufficient to support a conviction for attempt:
Mere discussion or solicitation without a financial aspect cannot constitute an attempt to engage in conduct prohibited by LSA-R.S. U:89(A)(1). Under LSA-R.S. 14:27, a person is guilty of an attempted crime if the person, “having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object.” Thus, an act furthering a crime against nature is required before a court can find a defendant guilty of attempted crime against nature under LSA-R.S. 14:89(A)(1). Solicitation alone does not constitute an attempt to commit a crime. See LSA-R.S. 14:28 Comments.
Id. (emphasis added).
As the Court made clear in the preceding passage, a defendant has only committed an attempted crime if he has committed some “act” furthering the crime; mere words do not suffice. Id. at 145-46. Since Baxley’s only alleged wrongful act was verbal, there was no “overt act” under La.Rev.Stat. § 14:27 and he could not be found guilty of attempt.
The majority attempts to distinguish Baxley based on the initial charge arising out of La.Rev.Stat. § 14:89, not La.Rev. Stat. § 14:81 as in the present case. But this is a meaningless distinction, as the relevant statute in this analysis is La.Rev. Stat. § 14:27. Baxley holds that mere words do not suffice to give rise to a conviction for attempt, and explicitly stated “[sjolicitation alone does not constitute an attempt to commit a crime.” Id. at 145. Nothing in Baxley suggests its holding is limited to charges arising out of La.Rev. Stat. § 14:89; to the contrary, it applies generally to all cases involving criminal attempt.
We considered a similar issue in State v. Smith, 94-3116 (La.10/16/95), 661 So.2d 442. Late one night, after his two young sons had gone to bed, Smith | ¿entered the children’s shared bedroom. Id. at 443. The children were lying together in a single bed because they were afraid of their father, who came in, lay down on the other bed, and ordered his ten-year-old child to come to him. Id. at 443. The child walked over to the defendant’s bed, and Smith told him to “sit on his chest so he could suck [the child’s] penis.” The child *207 began to cry and returned to his brother’s bed. Id. The defendant was convicted of attempted aggravated crime against nature and subsequently challenged his conviction on the grounds of insufficient evidence.
This Court affirmed the conviction. We distinguished Baxley because whereas “Baxley’s only act was to offer an undercover police officer who was sitting on a French Quarter stoop $20 for oral sex,” there was ample evidence showing Smith committed the requisite “overt acts” in furtherance of the crime.
Unlike the defendant in Baxley who merely solicited oral sex, Smith did several acts in his attempt to engage in oral sex with his son. He entered his sons’ room. He lay on Chad’s bed, and he asked Chad to engage in oral sex with him. The nature of the act requested by defendant required compliance by his son, not action by defendant. Furthermore, in Baxley, the illegal solicitation took place on a public street between two adult strangers. An adult on a public street can reject unwanted sexual suggestions from strangers by ignoring the remarks and walking away. In the present case, the encounter occurred between father and son in the child’s bedroom where the child was subject to the authority of his father and not free to leave.
Id. at 444-45.
Although the majority claims that there is no “rational basis” for distinguishing this case from Smith, the reported facts of that case reflect a significantly more coercive environment and a defendant who, unlike the instant defendant, went beyond mere words and actually committed physical overt acts in furtherance of indecent behavior with his own child. In Smith, we identified several factors which, taken in concert, constituted an overt act beyond mere | ^solicitation. Smith entered his minor children’s bedroom late at night, unbidden and unwelcome, and climbed into his child’s bed in the dark. Smith was the only adult in the house, so there was no one who the child could call for help. He told, rather than asked, the victim to sit on his chest. Id. at 443. Given the natural authority and power which any parent has over his children, this was not a mere request but an order.
In my mind, this language is more than a solicitation or an asking, but rather constitutes an order or a telling by a person in a greatly superior position, i.e., adult vis-a-vis child; father vis-a-vis son; and is clearly distinguishable from the Baxley analysis.
State v. Smith, 94-388 (La.App. 3 Cir. 11/9/94) 645 So.2d 817, 821 (Saunders, J., dissenting).
Similarly, in State v. Peloquin, 04-667 (La.App. 3 Cir. 11/17/04), 888 So.2d 393, writ denied, 04-3170 (La.4/8/05), 898 So.2d 1280, the court of appeal followed this rule by requiring evidence of some overt act in furtherance of the crime. The defendant asked a fourteen-year-old girl if she wanted to see his penis. The girl said no and walked away. Id. at 396. Asking this question, while obviously inappropriate, was not attempted indecent behavior or attempted obscenity: “There was no testimony that Defendant did an act in furtherance of revealing his penis to K.P. The question was preparatory and not an overt act similar to that in Baxley.” Id. at 396.
With this background in mind, it-is clear that defendant Jones did not commit an “overt act” under Louisiana law. Jones’s request for J.D. to put his penis in his face was, as stated in Baxley, “[mjere discussion or solicitation without a financial aspect [which] cannot constitute an attempt.” Baxley, 633 So.2d at 145.
*208 Notably, Jones did not try to touch J.D. or make any movements towards him. He did not remove his own clothes or try to remove J.D.’s clothes. When J.D. left the room, Jones made no effort to stop him. Nothing in the record suggests that 17J.P. felt physically threatened or was under any duress; J.D. testified he responded to Jones’s comment by becoming offended, not scared.
Unlike Smith, Jones did not enter J.D.’s bedroom in the dark and order him to perform a sexual act. Instead, J.D. entered the room where Jones and Whatley were sitting, and J.D. was free to (and eventually did) leave the room. J.D. and Jones were not alone in the room, the lights were on, and other people in the house were awake. In Smith, the defendant’s position as the victim’s father, the young age of the child, and the other circumstances of the crime made the defendant’s statement more in the nature of an order than a request. In Smith, we placed great importance on the finding that the “child was subject to the authority of his father and not free to leave.” Smith, 661 So.2d at 445. Jones was not in a position of power over J.D., and J.D. felt free to ignore Jones and leave the room.[2] The most important distinction, however, is that the Smith defendant committed several overt, physical acts in furtherance of his attempted crime, while Jones did not.
In finding that a verbal request, without any accompanying physical action, qualifies as an “overt act,” the majority effectively renders the “overt act” requirement meaningless. This holding goes against the weight of Louisiana jurisprudence and scholarly commentary and blurs the current bright line distinction between solicitation and attempt.
The majority justifies this result by reasoning that, because La.Rev.Stat. § 14:81 was enacted with a “protectionist goal” regarding juveniles, it should be construed broadly to give effect to the “legislative intent to protect children from sexual predators.” A liberal interpretation of criminal statutes is forbidden by the rule of lenity, which requires this court to resolve any ambiguity in a criminal |8statute in favor of the accused. State v. Carr, 99-2209 (La.5/26/00), 761 So.2d 1271, 1274. This is no mere canon of statutory interpretation; but a Constitutional right arising from “fundamental principles of due process,” which mandate that “courts must decline to impose punishment for actions that are not ‘plainly and unmistakably’ proscribed” by the relevant statute. Dunn v. U.S., 442 U.S. 100, 112-13, 99 S.Ct. 2190, 60 L.Ed.2d 743 (1979), quoting U.S. v. Gradwell, 243 U.S. 476, 485, 37 S.Ct. 407, 61 L.Ed. 857 (1917). This rule requires us to construe a criminal statute strictly in favor of the defendant, and legislative intent cannot overrule the principles of due process recognized by the U.S. Supreme Court.
For this same reason, I cannot approve of the majority’s reasoning that, because the prior version of La.Rev.Stat. § 14:81 criminalized lewd electronic communications towards juveniles, it also applies to lewd verbal communications. This construction is unsupported by the plain text of the statute, which explicitly refers only to “an electronic textual communication or an electronic visual communication.” “The starting point in the interpretation of any *209 statute is the language of the statute itself.” Red Stick Studio Dev. v. State, 2010-0193 (La. 1/19/11), 56 So.3d 181, 188. We must assume every word of the statute serves a purpose: “it will not be presumed that the Legislature inserted idle, meaningless or superfluous language in the statute or that it intended for any part or provision of the statute to be meaningless, redundant or useless.” ABL Management, Inc. v. Board of Sup’rs of Southern Univ., 2000-0798, (La.11/28/00), 773 So.2d 131, 135. If the statute is applied to all communications, the word “electronic” is effectively rendered meaningless.
Moreover, if the legislature had wished to make non-electronic communication illegal, it could have done so. Indeed, the Legislature has since broadened the scope of La.Rev.Stat. § 14:81(A)(2) to include not only electronic | acommunications but also the “transmission, delivery, or utterance of any textual, visual, written, or oral communication depicting lewd and lascivious conduct, text, words, or images.” See Acts 2009, No. 198. This is strong evidence that at the time of the alleged offense, such communications were not covered by the statute. When the legislature amends a statute, it is presumed to have intended to change the preexisting law. Brown v. Texas-LA Cartage, Inc., 98-1063 (La.12/1/98), 721 So.2d 885, 889. Applying the post-amendment language to punish the defendant’s pre-amendment conduct would violate the ex post facto provisions of the U.S. and Louisiana Constitutions.[3]
This Court is also expressly forbidden from creating crimes by analogy: “the articles of this Code cannot be extended by analogy so as to create crimes not provided for herein.” La.Rev.Stat. § 14:3. The import of this section is simple: “[t]he scope of a penal statute may not be enlarged by implication, or changes in social legislation, so as to include acts or persons not provided for therein.” State v. Gonzales, 129 So.2d 796, 799 (La.1961). Accord, State v. Truby, 29 So.2d 758, 765, 211 La. 178 (1947)(“the determination or definition of acts which are punishable as crimes is a purely legislative function which cannot be delegated to, or exercised by, the courts.”) I believe the majority’s decision to expand the reach of the statute beyond the relatively narrow category of electronic communications sets a potentially harmful precedent.
Finally, as a practical matter, the rationale behind this holding may affect many other statutes besides La.Rev.Stat. § 14:81(A)(2). Numerous Louisiana criminal statutes are specifically geared to electronic or computerized forms of communication.[4] If the reasoning of the majority opinion is correct, each of these | instatutes would also apply in a non-electronic context, thus vastly expanding their scope.
The facts of this case do not support a conviction of attempted indecent behavior with a juvenile. For the foregoing reasons, I would affirm the judgment of the court of appeal.

. Baxley is an unusual case, as the customary positions of the defendant and the prosecution were reversed. The defendant argued his alleged actions did constitute a crime, while the State argued they did not.

. Although the majority claims that the defendant's position as Assistant Police Chief of LeCompte makes him an "authoritative figure” per se, Jones was not in uniform on the night in question, and he made no pretense of speaking in his official capacity as a police officer. There was no evidence showing J.D. felt particularly intimidated or submissive toward either Jones or Whatley.

. U.S. Const, art. 1, sec. 10; La Const., Art. 1, § 23.

. See, e.g., La.Rev.Stat. § 14:40.3 (cyberstalk-ing); La.Rev.Stat. § 14:40.7 (cyberbullying); La.Rev.Stat. § 14:73.4 (wrongful denial of access to computer users); La.Rev.Stat. § 14:73.5 (computer fraud); La.Rev.Stat. § 14:73.6 (unlawful use of email service provider, i.e., anti-Spam act); La.Rev.Stat. § 14:73.7 (computer tampering); La.Rev.Stat. § 14:73.8 (unauthorized use of wireless system regarding pornography against juveniles); La.Rev.Stat. § 14:73.9 (criminal use of Internet map); La.Rev.Stat. § 14:81.1.1 (“sex-ting”); La.Rev.Stat. § 14:81.3 (computer-aided solicitation of a minor); La.Rev.Stat. § 14:90.3 (gambling by computer); La.Rev. Stat. § 14:323 (unauthorized use of electronic tracking device).