LOLLEY, J.
It Douglas Fredrick Finley was convicted by a jury of one count of sexual battery and sentenced to serve 6 1/4 years’ imprisonment at hard labor without parole. He appealed, but appellate counsel filed a motion to withdraw, together with a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), alleging that there are no nonfrivolous issues upon which to base an appeal. For the reasons stated herein, the motion to withdraw is granted, and Finley’s conviction and sentence are affirmed.
Facts
On February 22, 2011, Finley was charged by bill of information with one count of sexual battery, a violation of La. R.S. 14:43.1. It was alleged that Finley intentionally touched the genitals of R.N., a 15-year-old juvenile, without her consent, while she was staying with Finley’s daughter at his residence. Following his arrest, Finley waived formal arraignment and pled not guilty to the charge. Prior to trial, the state filed a notice of intent to use evidence of similar crimes pursuant to La. C.E. art. 412.2, specifically a 2002 conviction for indecent behavior with juveniles.
The matter came before a six-person jury on October 16, 2011. Both the victim and the defendant, among other witnesses, testified during trial. At trial, the defense conceded the admissibility of Finley’s prior conviction for a similar sex offense. The case was submitted to the jury for deliberations, and on October 17, 2011, the jury returned a unanimous verdict of guilty of sexual battery.
|aA presentence investigation report (“PSP’) was ordered and sentencing was held on January 31, 2013. The trial court recited the mitigating and aggravating circumstances, after permitting a statement by Finley’s wife. The trial court sentenced Finley to serve six years and three months at hard labor, without probation, parole, or suspension of sentence. Finley received written notification of sex offender registration requirements and post-conviction relief delays. Finley did not file a motion to reconsider sentence.
On February 28, 2013, Finley’s trial counsel filed a motion and order for appeal, which the trial court granted. However, Finley’s trial counsel was allowed to withdraw as counsel of record for the purposes of direct appeal, and the Louisiana Appellate Project was appointed to represent him.
This appeal followed, and Finley’s appellate counsel has filed an Anders brief, seeking to withdraw, on grounds that he could find no nonfrivolous issues to raise on appeal. See Anders v. California, supra; State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241; State v. Mouton, 95-0981 (La.04/28/95), 653 So.2d 1176; and, State v. Benjamin, 573 So.2d 528 (La.App. 4th Cir. 1990).
On March 26, 2014, this court issued an order holding the motion to withdraw in abeyance, rescinding the pro se briefing deadline, and notifying Finley that he could file a brief in this appeal within 30 days of the date of the order and file a request to view the appellate record within *964 10 days of the date of the order. Finley was further advised that if no brief was timely Ufiled, the appellate record would be reviewed only for error patent. Nonetheless, Finley failed to file a supplemental brief in his appeal within the allocated time period in which to do so.
Discussion
Appellate counsel’s brief, containing no assignments of error, conforms with the procedures set forth in Anders and Jyles, supra. The brief outlines the procedural history of the case and the action of the trial court. The brief also contains “a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place.” Jyles, supra. Defense counsel further verifies in his certificates of service that he has mailed copies of the motion to withdraw and appellate brief to the defendant, in accordance with Anders, Jyles, Mouton, and Benjamin, supra.
After a careful review of the record, we are in agreement with appellate counsel that there are no nonfrivolous issues and no rulings which arguably support an appeal. The bill of information was in proper form and signed by an assistant district attorney. The minutes reflect that the defendant was present at all critical stages of the prosecution. The only evidentiary issue of note was the admission of evidence of the defendant’s prior conviction. However, at trial and without objection, defense counsel acknowledged the admissibility of this prior conviction for indecent behavior with a juvenile. This evidence was admissible under La. C.E. art. 412.2 and not more prejudicial than probative under La. C.E. art. 403.
14A review of the record reveals that the victim’s testimony proved every essential element of sexual battery. In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness’s testimony, if believed by the trier of fact, is sufficient support for a requisite factual conclusion. State v. Gul-lette, 43,032 (La.App.2d Cir.02/13/08), 975 So.2d 753.
Here, the jury chose to believe the testimony of the victim and reject the testimony of the defendant. As outlined in the detailed recitation of the facts in counsel’s Anders brief, an examination of the evidence reveals nothing to undermine that choice. The appellate court does not assess the credibility of witnesses or reweigh evidence. State v. Smith, 94-3116 (La.10/16/95), 661 So.2d 442. A reviewing court accords great deference to a jury’s decision to accept or reject the testimony of a witness in whole or in part. State v. Hill, 42,025 (La.App.2d Cir.05/09/07), 956 So.2d 758, writ denied, 2007-1209 (La.12/14/07), 970 So.2d 529.
Finally, Finley was sentenced within the statutory guidelines provided in La. R.S. 14:43.1 and to a slightly greater than mi-drange sentence. The trial court correctly took cognizance of the sentencing guidelines in La.C.Cr.P. art. 894.1 and the sentence is not excessive given Finley’s prior conviction for a similar offense.
In conclusion, we agree with Finley’s appellate counsel that this matter has no nonfrivolous issues to raise on appeal. Further, we have examined the record for error patent and found none. So considering, we |fihereby grant the motion to withdraw filed by appeal counsel and the conviction and sentence of Douglas Fredrick Finley are affirmed.
MOTION TO WITHDRAW GRANTED; CONVICTION AND SENTENCE AFFIRMED.