Judgment rendered February 9, 2022.

No. 54,059-KA

ON REHEARING

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Appellee

versus

JERMERA MARQUEZ MAYO                        Appellant

* * * * *
Per Curiam on Rehearing

Originally Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 367583

Honorable Katherine Clark Dorroh, Judge

* * * * *

LOUISIANA APPELLATE PROJECT          Counsel for Appellant
By: Mary Constance Hanes

JERMERA MARQUEZ MAYO                  Pro Se

JAMES E. STEWART, SR.                 Counsel for Appellee
District Attorney

EDWIN L. BLEWER, III
TOMMY JAN JOHNSON
NANCY F. BERGER-SCHNEIDER
Assistant District Attorneys

* * * * *

Before MOORE, STONE, STEPHENS, HUNTER,
and GARRETT *(Ad Hoc)*, JJ.

**PER CURIAM**

In our initial opinion, we addressed the arguments raised by defense counsel. However, Mayo also filed a timely pro se brief which raises additional arguments. We granted rehearing to address Mayo's pro se arguments.

While Mayo's pro se brief does not fully comply with the requirements of Rule 2-12.4 of the Uniform Rules of Louisiana Courts of Appeal, this Court has attempted to ascertain the substance of his arguments and treat them as having been properly raised.

**Sufficiency of the evidence**

The standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the case in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *State v. Hearold*, 603 So. 2d 731 (La. 1992). This standard does not provide an appellate court with a vehicle for substituting its appreciation of the evidence for that of the fact finder. *State v. Pigford*, 05-0477 (La. 2/22/06), 922 So. 2d 517. The trier of fact makes credibility determinations and may accept or reject the testimony of any witness. *State v. Casey*, 99-0023 (La. 1/26/00), 775 So. 2d 1022, *cert. denied*, 531 U.S. 840, 121 S. Ct. 104, 148 L. Ed. 2d 62 (2000). The appellate court does not assess credibility or reweigh the evidence. *State v. Smith*, 94-3116 (La. 10/16/95), 661 So. 2d 442. A reviewing court affords great deference to a trial court's decision to accept or reject the testimony of a witness in whole or in part. *State v. Gilliam*, 36,118 (La.

App. 2 Cir. 8/30/02), 827 So. 2d 508 *writ denied,* 02-3090 (La. 11/14/03), 858 So. 2d 422.

In the absence of internal contradiction or irreconcilable conflict with the physical evidence, one witness's testimony, if believed by the trier of fact, is sufficient to support a factual conclusion. *State v. Elkins*, 48,972 (La. App. 2 Cir. 4/9/14), 138 So. 3d 769, *writ denied*, 14-0992 (La. 12/8/14), 153 So. 3d 438. This is equally applicable to the testimony of victims of sexual assault. *Id.* Such testimony alone is sufficient even when the state does not introduce medical, scientific or physical evidence to prove the commission of the offense. *Id.*

Mayo challenges the sufficiency of the evidence on multiple grounds. We address each of his arguments in turn and evaluate the evidence as a whole.

***"Coercion" of testimony.*** Mayo argues that the victim's testimony was "coerced" – however, that is a mere conclusory assertion. He provides no details or specific facts that support this claim, but does argue that the mere presence of an unidentified woman in the audience during his trial somehow coerced the victim's testimony. He makes no specific allegations regarding how this woman, by her mere presence in the courtroom, supposedly coerced the victim's testimony.[1] He also argues that the prosecution was "leading" the victim on direct examination and this somehow establishes coercion. We have reviewed the victim's testimony and see no indication of coercion or inappropriate questioning. The trial

---

[1] Mayo seems to additionally suggest that this unidentified woman's mere presence invalidated his trial. This argument is without merit.

2

court correctly overruled Mayo's pro se objection whereby he claimed that the prosecutor was "leading" the witness.

*Identification.* Mayo also challenges the victim's identification of him as the perpetrator. She identified him as the perpetrator after seeing him in the courtroom. She testified that she saw him at four different times on the night of the crime: twice in the house before the incident; once during the incident, which occurred in the bedroom; and once outdoors after the incident. That is sufficient identification.

*Consistency.* Finally, Mayo claims that the victim's testimony was inconsistent and therefore incredible. We have reviewed her testimony. It bears no internal inconsistencies. Nor does it conflict with other evidence in the record. Mayo's allegations that materials – which were not introduced into evidence – contradict the trial testimony do not and cannot weigh against the sufficiency of the evidence.

Finally, we have reviewed the evidence as a whole and find that it is sufficient to support Mayo's conviction. This assignment of error is without merit.

**Ineffective assistance of counsel**

Generally, "ineffective assistance of counsel claims are more appropriately addressed in post-conviction proceedings" – rather than direct appeal. *State v. Harris*, 2018-1012 (La. 7/9/20) 2020 WL 3867207. We address each of Mayo's ineffective assistance of counsel arguments in turn.

Mayo argues that defense counsel provided ineffective assistance at trial by failing to request a continuance when Mayo's purported alibi witness

3

failed to appear on the original trial date of August 14, 2020. However, trial counsel in fact obtained a continuance. On the original trial date, the witness had been properly subpoenaed, and a writ of attachment was issued upon her failure to appear. The court did not stay the proceedings, but left evidence open at the end of the prosecution's case in chief, and a week later, the trial was resumed. The alleged alibi witness gave her testimony on August 20, 2020. In no way did trial counsel perform deficiently with regard to the securing of this witness for testimony. This argument lacks merit and is rejected. Mayo is hereby barred from raising it again.

Mayo also references materials that were not introduced into evidence as supposed impeachment evidence regarding an unspecified witness (or witnesses). However, reading his brief *in pari materia,* it appears Mayo is alleging that the victim and the other juvenile witness, in their Gingerbread House interviews, did not mention the fact that Mayo was wearing an orange shirt the night of the crime. This court cannot consider materials not introduced into evidence in an appeal. Therefore, we decline to pass judgment on this issue in this appeal. *State v. Harris, supra.*

**Prosecution's disclosure of impeachment evidence**

Mayo alleges that the prosecution withheld the recordings of the Gingerbread House interviews of the victim and the other juvenile witness, as well as documents reflecting statements they made to investigating police officers. He claims these recordings constitute exculpatory evidence and/or impeachment evidence against the testimony of victim. However, elsewhere in his brief, Mayo admits that he was allowed to watch the recorded Gingerbread House interviews prior to trial. Therefore, Mayo's accusation

4

that the prosecution withheld evidence is false per his own brief to this court. This argument lacks merit and is rejected. Mayo is hereby barred from raising it again.

However, to the extent, if any, the prosecution failed to disclose *other* evidence which is materially exculpatory, Mayo is not precluded from pursuing that issue through postconviction proceedings.

**Accusation of judicial bias**

Mayo makes conclusory accusations of bias against the trial judge. Mayo's complete failure to point out any specific grounds for his accusation is fatal to this argument. Moreover, the trial judge's refusal to allow Mayo to disrupt the proceedings does not constitute bias or "vindictiveness." A trial judge has the duty, right, and power to maintain decorum in proceedings over which she presides. The trial judge's exclusion of Mayo from the trial was quite appropriate in light of his recalcitrant disruption of the proceedings.

## CONCLUSION

Mayo's conviction and sentence are **AFFIRMED**.