Judgment rendered May 25, 2022.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 54,391-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Appellee

versus

BRODERICK CRAWFORD                          Appellant

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 370,573

Honorable Christopher Victory, Judge

* * * * *

LOUISIANA APPELLANT PROJECT              Counsel for Appellant
By: Douglas Lee Harville

JAMES E. STEWART, SR.                    Counsel for Appellee
District Attorney

REBECCA ARMAND EDWARDS
KODIE K. SMITH
Assistant District Attorneys

* * * * *

Before MOORE, THOMPSON, and HUNTER, JJ.

**THOMPSON, J.**

A 36-year old man was convicted by a unanimous jury of first degree rape for forcing his girlfriend's 10-year-old daughter to perform oral sex on him. He was sentenced to the mandatory life in prison at hard labor, without the possibility of parole, probation, or suspension of sentence. He now appeals his conviction and sentence, arguing that the State failed to sufficiently prove that he was guilty of first degree rape because of inconsistencies in the victim's and a child witness' testimony, as well as possible coaching of the victim's testimony. We affirm his conviction and sentence.

## FACTS

Broderick Crawford ("Crawford"), was in a long-term relationship with S.K., with whom he shared two children. S.K. also had four other children, including the victim, 10-year-old E.Y., who lived with her in her home. On the night of July 21, 2019, Crawford was visiting the home of S.K., although he did not consistently reside there. S.K. left Crawford and her children at home while she went out with a cousin. When S.K. left the home that evening, her daughter, 10-year-old E.Y., another daughter, 13-year-old K.K., and their other siblings were watching TV in the bedroom. When S.K. later returned home, she received a text message from her daughter K.K. about E.Y. crying. S.K. went to check on E.Y., and when asked why she was crying, E.Y. told her mother that Crawford "made her suck his weenie." S.K. confronted Crawford, wielding a broom. When S.K. asked Crawford what he did to her child, not specifying which child, Crawford immediately referred to E.Y. and said "you better tell the truth,

you `bout to mess my life up." S.K. left the home with her children and went to Crawford's mother's house nearby and contacted the police.

The next day, July 22, 2019, E.Y. was taken by her mother for a medical examination and then a forensic interview by law enforcement investigators. During that interview, E.Y. disclosed that her stepdad put his privates in her mouth the night before when her mother was gone to her cousin's house. K.K., E.Y.'s sibling, also provided a forensic interview. K.K. stated she was being interviewed because her stepfather "sexually assaulted" her sister. K.K. stated that she did not see anything and remained in the other room watching TV.

On August 9, 2019, Alex Person, the director of education and a forensic interviewer at the Gingerbread House Children's Advocacy Center, interviewed E.Y. and her siblings. E.Y. stated during this interview that the reason she was being interviewed was because of her "sexual assault." E.Y. provided the same consistent description of the incident – that Crawford forced her to perform oral sex on him. Crawford was charged with first degree rape as provided in La. R.S. 14:42(A)(4) as the victim was under 13 years of age.

A jury trial was held in Caddo Parish, Louisiana, on May 20 and May 21, 2021. E.Y.'s Gingerbread House interview was introduced as evidence and played for the jury during the trial. During her testimony, E.Y. confirmed that the contents of her Gingerbread House interview were true. E.Y. also testified that her sister, K.K., told E.Y. that she saw Crawford pushing E.Y.'s head down during the incident. At trial, on cross-examination, K.K. testified that she saw E.Y. coming and going between the bedroom and the living room.

At trial, S.K. testified that Crawford texted her, admitting what he did to E.Y. Specifically, the text exchange between S.K. and Crawford provided:

**S.K.:** "U made my baby put ur dick in her mouth,"

**Crawford:** "I will forever be sorry I hate myself for doing that did [*sic*]." […]"I'm sorry, tell her I'm sorry for that. I failed y'all."

Crawford's texts also referenced sexual abuse from his own childhood and an acknowledgment that his behavior was wrong. Crawford testified at trial in his own defense and stated that he was referring to himself, not E.Y., in the texts he sent to S.K. Crawford claimed that he was depressed and S.K. manipulated him into believing E.Y.'s accusations against him.

Based on the evidence and testimony adduced at trial, the jury returned a unanimous verdict of guilty as charged of first degree rape, victim under the age of 13 years. In accordance with La. R.S. 14:41(D)(1), the trial court imposed the mandatory sentence of life imprisonment at hard labor, without benefit of probation, parole, or suspension of sentence. This appeal followed.

## DISCUSSION

In his single assignment of error, Crawford appeals his conviction, asserting insufficient evidence, specifically:

**<u>Assignment of Error</u>: Whether there was insufficient evidence to prove beyond a reasonable doubt that Broderick Crawford raped E.Y.**

The proper test for determining a claim of insufficiency of evidence in a criminal case is whether, on the entire record, a rational trier of fact could find the defendant guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *State v. Tate*, 01-1658 (La. 5/20/03), 851 So. 2d 921, *cert. denied*, 541 U.S. 905, 124 S. Ct.

3

1604, 158 L. Ed. 2d 248 (2004), *State v. Holder*, 50,171 (La. App. 2 Cir. 12/9/15), 181 So. 3d 918, 929, *writ denied*, 16-0092 (La. 12/16/16), 211 So. 3d 1166. This standard, now legislatively embodied in La. C. Cr. P. art. 821, does not provide the appellate court with a vehicle to substitute its own appreciation of the evidence for that of the fact finder. *State v. Steines*, 51,698 (La. App. 2 Cir. 11/15/17), 245 So. 3d 224, *writ denied*, 17-2174 (La. 10/8/18), 253 So. 3d 797.

The appellate court does not assess the credibility of witnesses or reweigh the evidence. *State v. Smith*, 94-3116 (La. 10/16/95), 661 So. 2d 442; *State v. Dale*, 50,195 (La. App. 2 Cir. 11/18/15), 180 So. 3d 528, *writ denied*, 15-2291 (La. 4/4/16), 190 So. 3d 1203. A reviewing court affords great deference to a trial court's decision to accept or reject the testimony of a witness in whole or in part. *State v. Steines*, *supra*. Thus, this court is charged with examining the evidence in the light most favorable to the prosecution and determining whether any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Id.* In the absence of internal contradictions or irreconcilable conflict with physical evidence, the testimony of one witness is sufficient support for a requisite factual conclusion if that witness is believed by the trier of fact. *State v. Jones,* 31,613 (La. App. 2 Cir. 4/1/99), 733 So. 2d 127*, writ denied,* 99-1185 (La. 10/1/99), 748 So. 2d 434.

La. R.S. 14:42(A) provides, in pertinent part:

> First degree rape is a rape committed upon a person sixty-five years of age or older or where the anal, oral, or vaginal sexual intercourse is deemed to be without lawful consent of the victim because it is committed under any one or more of the following circumstances:

4

> (4) When the victim is under the age of thirteen years. Lack of knowledge of the victim's age shall not be a defense.

La. R.S. 14:41(C) defines oral sexual intercourse as the intentional engaging in the following acts:

> (1) The touching of the anus or genitals of the victim by the offender using the mouth or tongue of the offender.
>
> (2) The touching of the anus or genitals of the offender by the victim using the mouth or tongue of the victim.

Crawford argues that the evidence presented at trial, when viewed under the *Jackson v. Virginia, supra*, standard, was insufficient to prove beyond a reasonable doubt that Crawford committed first degree rape. Crawford argues that E.Y.'s testimony materially conflicted with K.K.'s testimony regarding the incident. Specifically, E.Y. testified that K.K. told E.Y. that she saw Crawford push E.Y.'s head down right after the alleged rape. However, Crawford asserts that K.K. denied seeing anything the night of the rape. Further, Crawford suggests that both girls' use of the term "sexual assault" indicates coaching, because that term was not age appropriate for the victim and the child witness.

We find Crawford's arguments unpersuasive. The record reveals that there was sufficient evidence that E.Y. was raped by Crawford. As the State correctly notes, Crawford's confession to the girls' mother, S.K., via text messages, confirms that he orally raped E.Y. Also, E.Y.'s testimony alone suffices to prove that Crawford forced her to perform oral sexual intercourse by touching her mouth to his genitals. E.Y.'s testimony was consistent throughout her ordeal, including her initial reporting of the incident to K.K. and her mother the night of the rape, when she participated in her forensic interview the next day, and during her Gingerbread House interview.

Further, we reject Crawford's arguments related to possible coaching in relation to E.Y. and K.K.'s use of the term "sexual assault."  The State argues that Crawford's argument of coaching is baseless and highly speculative; we agree.  The jury made a credibility determination in favor of E.Y., accepting her testimony as true.  While E.Y. may have overheard terminology used to described her unfortunate experiences in the process of being interviewed by law enforcement and the Gingerbread House forensic interviewer, that is not indicative that she has been coached or that she is conjuring up false testimony.  E.Y.'s testimony remained consistent.  The jury clearly rejected Crawford's testimony denying he raped E.Y., in astounding contradiction to his text message admissions to the rape and his acknowledgment of the harm he caused.

Considering these facts in the light most favorable to the prosecution, any rational trier of fact could have found the elements of first degree rape of this ten-year-old victim beyond a reasonable doubt.  As such, Crawford's assignment of error is without merit.

## CONCLUSION

For the foregoing reasons, we affirm Crawford's conviction and sentence for first degree rape.

**CONVICTION AND SENTENCE AFFIRMED.**