Judgment rendered January 10, 2024.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 55,464-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                    Appellee

versus

QUINTON CARMACK JONES                 Appellant

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 371,290

Honorable Ramona L. Emanuel, Judge

* * * * *

LOUISIANA APPELLATE PROJECT          Counsel for Appellant
By: Douglas Lee Harville

JAMES E. STEWART, SR.                Counsel for Appellee
District Attorney

RON CHRISTOPHER STAMPS
ALEXANDRA PORUBSKY
Assistant District Attorneys

* * * * *

Before STONE, THOMPSON, and ELLENDER, JJ.

**THOMPSON, J.**

Quinton Carmack Jones appeals his conviction for two counts of first degree rape, with both victims under the age of 12. Both of Jones' victims were the underaged daughters of his wife and his girlfriend, respectively, during the time period between 2000 and 2006. The testimony at trial established the girls were raped beginning at very early ages of 3 and 6 on occasions when they were alone with Jones. The first victim reported the rapes in 2008 and was interviewed by police and the Gingerbread House, but charges were not brought at that time. The second victim reported her rapes in 2017, many years after they occurred, after encountering Jones in public when she was older. At the conclusion of his trial, the jury returned unanimous verdicts of guilty as charged on both counts. Jones was sentenced to life imprisonment at hard labor without the possibility of parole, probation, or suspension of sentence on both counts. The sentences were ordered to be served consecutively with one another. On appeal, Jones argues that the State failed to present sufficient evidence to support the jury's unanimous guilty verdicts. For the reasons provided in greater detail below, Jones' convictions and sentences are affirmed.

## FACTS

On February 11, 2020, the Caddo Parish grand jury indicted Quinton Carmack Jones ("Jones"), charging him with two counts of first degree rape, in violation of La. R.S. 14:42(A)(4).[1] The State alleged that between 2000 and 2006, Jones had vaginal sexual intercourse with T.S. (DOB: 12/25/1994) without the lawful consent of T.S. when she was less than 12 years old. The

---

[1] The offenses involving T.S. and G.F. occurred prior to the legislative change which increased the age under La. R.S. 14:42(A)(4) from 12 to 13 in 2006.

State also alleged that between 2000 and 2004, Jones also had vaginal sexual intercourse with a different victim, G.F. (DOB: 1/7/1998), without the lawful consent of G.F. when she was less than 12 years old. On March 20, 2020, after formal arraignment Jones entered a plea of not guilty.

Jury selection began on October 10, 2022, and concluded October 12, 2022. A two-day jury trial followed from October 13-14, 2022, at which both victims testified, in addition to family members, law enforcement and representatives of the Gingerbread House Children's Advocacy Center. The Gingerbread House is a community-based, 501(c)(3) nonprofit organization that works in close collaboration with local law enforcement, child protective services, the district attorney's offices, and medical and mental health professionals to provide services for abused children and their families. We will address the proceedings at trial according to the respective criminal charge for each victim.

## Count 1: Victim T.S.

T.S. testified at trial that Jones was her mother's husband. T.S. testified that they lived in a home together beginning when she was 6 years old, around the year 2000. In 2008, when she was around 13 years old, T.S. reported to her grandmother that Jones was touching her and having sex with her. T.S. testified that her grandmother notified the police, and she was interviewed at the Gingerbread House and examined at the CARA Center. The CARA Center provides medical care and aftercare in the diagnosis, management and prevention of child abuse and neglect. The record shows that in 2008, T.S. stated to police that she was assaulted by Jones several times while she was growing up. T.S. said the rapes occurred while her mother was ill or asleep inside the house, and that Jones would hold her

2

down and forcefully have vaginal intercourse with her. T.S. reported that Jones used a condom each time he forced himself on her and penetrated her. Despite T.S.'s claims in 2008 that Jones had raped her, the police investigation into these claims was closed without an arrest. At the trial in 2022 when she testified, T.S. was now 27 years old. Her 2008 recorded statement from the Gingerbread House was played for the jury.

Pamela Jean Carter Smith, T.S.'s grandmother, also testified at trial. She testified that T.S.'s behavior changed around the time of the purported rapes. Smith also testified that T.S. reported vaginal bleeding at the age of 7, before she ever started her menstrual cycle. T.S. was taken to the hospital by her mother due to this bleeding at a young age.

Jennifer Flippo Duvall testified at trial. Duvall was a forensic interviewer at the Gingerbread House in 2008, and she conducted T.S.'s interview at that time. Duvall testified that she has a Masters Degree in counseling psychology and is a Licensed Professional Counselor, and received training from across the country in forensic interviewing and child abuse dynamics. Duvall testified that during her time as a forensic interviewer, she interviewed around 4,000 children. Duvall was qualified as an expert in forensic interviewing and child abuse. Duvall testified that T.S.'s delayed reporting at age 13, when the abuse began at age 6, was common. Duvall explained that in cases involving abused children, especially young victims, delayed reporting often occurs. Duvall testified that adults who were victimized as children will often delay reporting until adulthood due to shock, fear, or family dynamics. Duvall testified that an adult who was victimized as a child will suddenly come forward with the abuse allegations, having processed what happened to them many years ago.

3

Duvall also testified that it is common for young victims to experience behavior changes as a result of abuse.

Dr. Jennifer Rodriguez is a pediatrician and medical director at the CARA Center. Dr. Rodriguez testified that she conducted an evaluation of T.S. at the Cara Center in 2008 and prepared a report of her findings. Dr. Rodriguez authenticated her report, and noted that the report provided that T.S. had provided a delayed disclosure of abuse that had occurred when she was younger. Dr. Rodriguez testified that T.S. had a normal physical exam with no observable signs of trauma and continued that the absence of trauma does not indicate that abuse did not occur. Dr. Rodriguez testified that it is rare to have residual findings of sexual abuse in children, and most child abuse victims have normal or nonspecific results on physical exams.

**Count 2: Victim G.F.**

G.F. testified beginning in 2000, when she was approximately 3 years old, that Jones was in a relationship with her mother and lived in their home with them when he began to vaginally rape her. She further testified that Jones continued to rape her over the years until she was 8, and that this abuse only ended when Jones' relationship with her mother ended and he moved out of the home. G.F. testified that her mother would go to work, and Jones would get her out of her bed and remove her clothing and put black lingerie on her. She further testified that Jones would touch her private parts and penetrate her vagina with his penis, and that she would cry and scream, but that Jones covered her mouth and continued to rape her. G.F. testified that on at least one occasion Jones put a gun to her head and threatened to kill her if she told anyone. G.F. did not report the alleged rapes until years later, in 2017, when she was 19 years old, and only then

4

after she encountered Jones as an adult in public. When she testified at trial, G.F. was 24 years old.

Alex Person, the director of education and a forensic interviewer at the Gingerbread House, also testified at trial. Person testified that she completes annual continuing education in forensic interviewing, and she has interviewed 2,300 children who have been abused on behalf of law enforcement during her career at the Gingerbread House. The trial court accepted her as an expert in forensic interviewing, child abuse dynamics (including delayed reporting of abuse), and child sexual abuse. Person testified that she had not met with either of the victims in this case, but based her testimony on her own knowledge and expertise in the field of child sexual abuse. Person testified that 90% of abused children were abused by someone they knew or trusted, and that only 7% of children lie about sexual abuse. Person testified that children often delay reporting abuse even until adulthood for various reasons, including shame, fear of being in trouble, and feeling as though the abuse is their own fault.

Sergeant Jeff Allday was a sex crimes investigator with the Shreveport Police Department in 2017 when G.F. made her initial report to law enforcement. Sgt. Allday testified that G.F. had come to the police station alone to report she had been sexually assaulted as a child. Sgt. Allday testified that he recalled G.F. was extremely upset and emotional when she made her initial report at the police station. Sgt. Allday testified that because she was so upset, he told her he would set up an official police interview at a later date, which would also give him time to review the police's report management system. One week after her initial report, Sgt. Allday met with G.F. at her residence. There, G.F. positively identified

Jones from a jail booking photo he had obtained from the report management system. Jones exercised his constitutional right to remain silent and did not testify at his trial.

At the conclusion of the trial on October 14, 2022, the jury returned unanimous verdicts of guilty as charged on Count 1 and Count 2. On October 19, 2022, a motion for post-verdict judgment of acquittal was filed by Jones and the trial court denied the motion after a brief hearing. On that same date, Jones was sentenced to life imprisonment at hard labor without the possibility of parole, probation, or suspension of sentence on both counts. The sentences were ordered to be served consecutively with one another. Jones now appeals his convictions for first degree rape, asserting as his assignment of error that due to the delays in reporting of the rapes, there was insufficient evidence to prove his guilt.

## DISCUSSION

**ASSIGNMENT OF ERROR: The State failed to offer credible evidence Mr. Jones raped T.S. or G.F. Jones' trial for charges involving T.S. occurred almost 9 years after the investigation into those very charges had been closed. G.F. waited approximately 13 years to report her uncorroborated claims. Given the facts of this case, was there sufficient evidence to prove Jones was guilty beyond a reasonable doubt?**

Jones argues that T.S.'s allegation that she made at age 13 about purported rapes occurring when she was 6 or 7 years old were not pursued and the police investigation was closed because there was not probable cause for an arrest. Jones further alleges that when G.F. was 19, she made the first claim that she was raped from age 3 until age 8. He asserts that her claims were uncorroborated by medical or any other evidence, and that the State improperly offered expert witnesses who sought to overcome their delayed reporting by merely providing anecdotal testimony. Jones claims the expert

6

witnesses simply repeated the victim's emotional testimony to the jury and argues that the State failed to offer credible evidence that he actually raped T.S. or G.F.

**Sufficiency of the Evidence**

Jones asserts there was not sufficient evidence that he raped either victim. The standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the case in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *State v. Tate*, 01-1658 (La. 5/20/03), 851 So. 2d 921, *cert. denied*, 541 U.S. 905, 124 S. Ct. 1604, 158 L. Ed. 2d 248 (2004); *State v. Steines*, 51,698 (La. App. 2 Cir. 11/15/17), 245 So. 3d 224. This standard, now legislatively embodied in La. C. Cr. P. art. 821, does not provide the appellate court with a vehicle to substitute its own appreciation of the evidence for that of the fact finder. *Steines, supra.*

The appellate court does not assess the credibility of witnesses or reweigh the evidence. *State v. Smith*, 94-3116 (La. 10/16/95), 661 So. 2d 442; *Steines, supra*. A reviewing court affords great deference to a trial court's decision to accept or reject the testimony of a witness in whole or in part. *Steines, supra*.

It is the province of the fact finder to resolve conflicting inferences from the evidence. In the absence of internal contradiction or irreconcilable conflict with physical evidence, the testimony of one witness—if believed by the trier of fact—is sufficient to support the requisite factual conclusion. Such testimony alone is sufficient even where the state does not introduce

7

medical, scientific, or physical evidence. This is equally applicable to the testimony of sexual assault victims. *State v. Brooks*, 52,249 (La. App. 2 Cir. 9/26/18), 256 So. 3d 524; *Steines, supra*.

La. R.S. 14:42 provides, in pertinent part:

A. First degree rape is a rape committed upon a person sixty-five years of age or older or where the anal, oral, or vaginal sexual intercourse is deemed to be without lawful consent of the victim because it is committed under any one or more of the following circumstances:

(4) When the victim is under the age of thirteen years. Lack of knowledge of the victim's age shall not be a defense.

We find there was sufficient evidence presented at trial to convict Jones of each of the two counts of first degree rape. Jones has failed to present any reasonable argument that the evidence was insufficient. Both T.S. and G.F. testified at trial that Jones vaginally raped them multiple times over a period of several years, starting when they were between the ages of 3 and 6 years old. The State correctly argues that the method and nature of the rapes of both T.S. and G.F.—who have never met—demonstrate a pattern of targeting extremely young girls and abusing them while their mothers were at work and especially vulnerable to Jones' physical threats and coercion. The victims' testimony alone satisfies the elements of first degree rape under La. R.S. 14:42(A)(4) and sufficiently proves Jones' guilt as to each count beyond a reasonable doubt.

Jones does not argue that the elements of first degree rape were not met. There is nothing in the record or jurisprudence to support Jones' request for reversal, and there is no evidence contained in the record that the jury's credibility determination should be disturbed by this Court. The evidence was sufficient to prove the elements of the offenses of first degree

rape, beyond a reasonable doubt, and therefore, Jones' assignment of error is without merit, and his convictions and sentences are affirmed.

## CONCLUSION

For the foregoing reasons, Jones' convictions for the first degree rapes of T.S. and G.F. are affirmed.

**AFFIRMED.**