Judgment rendered August 27, 2025.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 56,377-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Appellee

versus

JONATHAN JERMAINE                           Appellant
CRENSHAW

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 385,727

Honorable Michael A. Pitman, Judge

* * * * *

LOUISIANA APPELLATE PROJECT            Counsel for Appellant
By: Christopher Albert Aberle

JAMES E. STEWART, SR.                  Counsel for Appellee
District Attorney

TOMMY JAN JOHNSON
KODIE K. SMITH
Assistant District Attorneys

* * * * *

Before STONE, COX, and ROBINSON, JJ.

**STONE, J.**

Jonathan Crenshaw ("Crenshaw") and his co defendants, Terrance Felix, Jr. ("Felix") and Tamala Ware ("Ware"), were indicted for the second degree murder of Derrick Terrell ("Terrell") on December 18, 2019. The State successfully had Ware severed from the original indictment on October 7, 2021, (after a hearing) and later called her as a witness for its case-in-chief. Thereafter, Crenshaw and Felix were tried together under the same docket number, although under separate indictments.[1]

A jury trial commenced for Crenshaw and his co defendant, Felix, for the second-degree murder of Terrell on December 13, 2023. At the end of trial, the jury unanimously convicted Crenshaw, and he was subsequently sentenced to life imprisonment without the benefit of probation, parole, or suspension of sentence. Crenshaw appeals, asserting that the evidence was insufficient to prove beyond a reasonable doubt that he was a principal to the murder of Terrell.

### FACTS

In August of 2019, Terrell arrived at the Knights Inn Motel ("motel") on Monkhouse Drive in Shreveport to see Ware, a woman with whom he was having an affair.[2] Ware had been living at the motel for two months prior to the day of the murder. Crenshaw and Felix were at the motel visiting with Ware in her room when Terrell arrived on the premises. Upon his arrival, Ware went downstairs to meet Terrell in the parking lot at his

---

[1] The indictment for this case is not signed by the grand jury foreperson as required by La. C. Cr. P. art. 383. However, the original indictment before the cases were severed was in proper form with the required signatures.

[2] Terrell was married to Christy Terrell.

SUV.  Terrell and Ware exchanged words, and Terrell began to assault Ware by striking her across the face.  Crenshaw and Felix witnessed the altercation, armed themselves, and rushed downstairs to intercede.  Crenshaw and Felix chased Terrell through the motel grounds.

Motel surveillance cameras captured Crenshaw stopping his pursuit and heading back toward the motel parking lot.  Felix, however, continued to run after Terrell and caught up to him when Terrell fell near the motel swimming pool.  Felix then stood over Terrell, shooting him several times, killing him.  After the shooting, Felix fled the scene in his brown pickup truck. Surveillance video also shows an unidentified subject getting into Terrell's SUV and exiting the parking lot behind Felix's brown pickup truck.  The SUV was later discovered burned.

An investigation by the Shreveport Police Department ("SPD") resulted in the arrest of Crenshaw and Felix for Terrell's murder.  The events leading to the murder — and the murder itself — were witnessed by Ware, James Farrar ("Farrar"), and Emanuel Barrett ("Barrett"), all of whom testified at trial.

The first witness to testify was Farrar, who was also a resident at the motel.  He testified that he saw Felix run past him chasing Terrell and then run back past him after shooting Terrell.  Farrar recovered Felix's cell phone, which fell from his pocket during his pursuit of Terrell, and was crucial to initially identifying him.  Upon Felix's arrest, he had flash burn injuries on his arm and burn cream in his backpack.[3]

---

[3] Felix's backpack was found in Ware's daughter's apartment, where Ware was arrested days after the shooting.

The next witness to testify was Ware, who was also charged with the second degree murder of Terrell.[4] She testified that Terrell drove into the parking lot of the motel in his white SUV that evening to meet up with her. Ware testified that an argument ensued between her and Terrell when he learned that Crenshaw and Felix were in her room. She stated that Terrell struck her hard, causing her to have a momentary loss of consciousness. She stated her next recollection was seeing Terrell start running with Crenshaw running behind him, gun in hand. She testified that she remained hidden behind Terrell's SUV and did not recall hearing any gunshots at that point. Ware then testified that she witnessed Felix standing over Terrell and shooting him.

The last witness was Barrett — described by SPD as a "prolific" confidential informant (to SPD) with an extensive criminal history and charges pending at the time — who testified to witnessing the sequence of events that led to Terrell's murder. Barrett was also a resident at the motel and testified that Crenshaw and Ware were seen together at the motel earlier in the day. Barrett also testified that he witnessed Felix's arrival at the motel later. Barrett saw the physical altercation between Terrell and Ware that led to Crenshaw and Felix's immediate foot chase and the firing of shots at Terrell. Barrett ran to his room for cover during the actual shooting. After about 10 minutes, he went outside to find Terrell deceased. Barrett initially

---

[4] She initially told police that she did not know who the shooters were. However, her involvement in the shooting prompted the state to also charge her with the murder of Terrell. Ware testified as to her pending charges and other unrelated charges before the jury. She testified that she was not promised anything by the state in exchange for her testimony and had no expectations of a benefit from her cooperation.

identified Crenshaw to the police as the shooter and was able to pick Felix out of a photo lineup.

Following Crenshaw's arrest, Barrett executed an affidavit in which he stated that he did not see Crenshaw at the motel.  However, at trial, Barrett admitted that the affidavit was false and testified that he was coerced into signing it after being "mistakenly" placed in a holding cell with Crenshaw.  According to Barrett, while he was in the cell, a guard called out his name, prompting Crenshaw to inquire if his name was Emanuel Barrett.  When Barrett asked "Why?," Crenshaw explained, "Because you're in my paperwork."  As the interaction was witnessed by his fellow inmates, Barrett testified that he felt compelled to comply with executing the affidavit.

At trial, Crenshaw testified in his own defense, claiming that he was not present at the motel on the day of the shooting, but was nearly four hours away in Abbeville, Louisiana.  He testified that the person depicted in the video did not appear to have any tattoos on his arms like he does and asserted that his hair was different than what was reflected in an Instagram photo taken earlier that day in Abbeville.  Crenshaw further claimed that he only "knew of" Felix but did not know him personally.  Lastly, he testified that Ware was his ex-girlfriend who lied at trial to protect her son, who was Terrell's drug supplier.

SPD investigators testified to taking numerous photographs and collecting evidence at the crime scene — which included projectiles, soda cans, cigarette butts, and DNA swabs — which were all consistent with both Crenshaw and Felix's presence at the motel on the day of the murder.  The evidence also included two sets of shell casings (from two different

4

weapons) that were left in a trail throughout the motel parking lot and accumulated around Terrell's body.

Following a three-day trial, a jury unanimously convicted Crenshaw and Felix of the second degree murder of Terrell, and they were sentenced to life imprisonment at hard labor without benefits. Crenshaw now appeals asserting that the evidence was insufficient to prove beyond a reasonable doubt that he was a principal to the murder of Terrell.

## DISCUSSION

In his sole assignment of error, Crenshaw asserts that the evidence was insufficient to establish that he acted in concert with Felix or was otherwise a principal to the murder of Terrell. Crenshaw contends that the evidence shows that he acted independently of Felix, as he withdrew from the pursuit and was not aware, nor could he predict, that Felix would continue the pursuit with the intention of fatally shooting Terrell.

The standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); *State v. Tate*, 01-1658 (La. 05/20/03), 851 So. 2d 921, *cert. denied*, 541 U.S. 905, 124 S. Ct. 1604, 158 L. Ed. 2d 248 (2004); *State v. Ladell*, 52,847 (La. App. 2 Cir. 9/25/19), 280 So.3d 932. This standard, now legislatively embodied in La. C. Cr. P. art. 821, does not provide the appellate court with a vehicle to substitute its own appreciation of the evidence for that of the factfinder. *State v. Pigford*, 05-0477 (La. 02/22/06), 922 So. 2d 517.

5

The appellate court does not assess credibility or reweigh the evidence. *State v. Smith*, 94-3116 (La. 10/16/95), 661 So. 2d 442; *State v. Green*, 49,741 (La. App. 2 Cir. 04/15/15), 164 So. 3d 331. The trier of fact is charged with weighing the credibility of this evidence and, on review, the same standard as in *Jackson, supra,* is applied, giving great deference to the factfinder's conclusions. *Green, supra.*

Where there is conflicting testimony about factual matters, the resolution of which depends upon a determination of the credibility of the witnesses, the matter is one of the weight of the evidence, not its sufficiency. *Green*, *supra*; *State v. Glover*, 47,311 (La. App. 2 Cir. 10/10/12), 106 So. 3d 129, *writ denied*, 12-2667 (La. 05/24/13), 116 So. 3d 659. Such testimony alone is sufficient even where the state does not introduce medical, scientific, or physical evidence. *State v. Larkins*, 51,540 (La. App. 2 Cir. 09/27/17), 243 So. 3d 1220, *writ denied*, 17-1900 (La. 09/28/18), 253 So. 3d 154. A reviewing court accords great deference to the trier of fact's decision to accept or reject the testimony of a witness in whole or in part. *State v. Jackson*, 53,497 (La. App. 2 Cir. 5/20/20), 296 So. 3d 1156.

Second degree murder is the killing of a human being when the offender has a specific intent to kill or to inflict great bodily harm. La. R.S. 14:30.1 (A) (1). Specific criminal intent is that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed consequences to follow his act or failure to act. La. R. S. 14:10 (1). Specific intent may be inferred from the circumstances surrounding the offense and the conduct of the defendant. *State v. Walker*, 53,975 (La. App.

2 Cir. 6/30/21), 321 So. 3d 1154, *writ denied*, 21-01334 (La. 11/23/21), 328 So. 3d 83.

We find that the evidence at trial was indeed sufficient for Crenshaw to be convicted (as a principal) of second degree murder. By his own admission on appeal, Crenshaw asserts that he merely chased and shot at — but did not kill — Terrell and argues that Terrell was killed exclusively by the bullets fired from Felix's gun.

A person may be convicted of an offense even if he has not personally fired the fatal shot. *State v. Frost*, 53,312 (La. App. 2 Cir. 3/4/20); 293 So. 3d 708, *writ denied,* 20-00628 (La. 11/18/20); 304 So. 3d 416. The law of principals states that all persons involved in the commission of a crime are equally culpable. A principal may be connected to those crimes for which he has the requisite mental state. *State v. Brooks*, 42,226 (La. App. 2 Cir. 8/15/07), 962 So. 2d 1220. The determination of whether the requisite intent is present in a criminal case is for the trier of fact. *State v. Jones*, 49,396 (La. App. 2 Cir.11/19/14), 152 So. 3d 235. *State v. Smith,* 49,839 (La. App. 2 Cir. 5/20/15), 166 So. 3d 416, *writ denied*, 015-1244 (La. 6/3/16); 192 So. 3d 753.

It is immaterial that Crenshaw did not fire the final (and fatal) shot at Terrell because he actively participated in the violent confrontation against him, which indicates Crenshaw's desire for Terrell to be killed or otherwise sustain great bodily harm. The discharge of a firearm at close range and aimed at a person is indicative of a specific intent to kill or inflict great bodily harm upon that person. *State v. Seals*, 95–0305 (La.11/25/96), 684 So. 2d 368, *cert. denied*, 520 U.S. 1199, 117 S. Ct. 1558, 137 L. Ed. 2d 705

7

(1997); *State v. Dooley*, 38,763 (La. App. 2d Cir.9/22/04), 882 So. 2d 731, *writ denied*, 04–2645 (La.2/18/05), 896 So. 2d 30; *State v. Smith, supra.* Moreover, Crenshaw was accompanied by Felix in his initial pursuit of Terrell, which led the reasonable trier of fact to believe that they shared a common objective. At trial, Crenshaw maintained that he was not present at the motel on the day of the murder. On appeal, he backtracks, stating that he *was* present at the motel, and expects this court to be impressed that he withdrew from this deadly conflict he started in the first place.

The jury heard the testimony of Ware, Farrar, and Barrett, where each disclosed and explained their inconsistent statements, criminal history, pending charges, and work as a confidential informant, thereby enabling the jury to make credibility determinations. That said, the jury could have *easily* disregarded any witness testimony it deemed not credible and concluded that Felix was the sole actor in this murder. However, the jury, after hearing all evidence presented — including the testimony from Crenshaw himself — still unanimously convicted him. We cannot say that the evidence in this case does not support the jury's conclusion. When viewed in the light most favorable to the prosecution, there is sufficient evidence to prove that Crenshaw was a principal to the second degree murder of Terrell.

**ERROR PATENT**

A review of the record reveals an error patent. The trial court failed to properly advise Crenshaw of his rights under La. C. Cr. P. art. 930.8. Crenshaw is hereby advised that no application for postconviction relief shall be considered if filed more than two years after the judgment of

8

conviction and sentence have become final.  *State v. Jones*, 56,042 (La. App. 2 Cir. 12/18/24); 403 So. 3d 659, *writ denied*, 25-00020 (La. 2/25/25); 401 So. 3d 665.

## CONCLUSION

For the reasons set forth above, defendant Jonathan Crenshaw's conviction and sentence are affirmed.

**AFFIRMED.**