Judgment rendered December 10, 2025.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 56,638-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Appellee

versus

CRISTIAN JOSE VARGAS                        Appellant
BORBON

* * * * *

Appealed from the
Twenty-Sixth Judicial District Court for the
Parish of Bossier, Louisiana
Trial Court No. 222,314

Honorable Alexandra Aiello Stahl, Judge

* * * * *

LOUISIANA APPEALS AND                   Counsel for Appellant
WRIT SERVICE
By:  Michael Mitchell
     Remy Starns
     Annette Fuller Roach

J. SCHUYLER MARVIN                       Counsel for Appellee
District Attorney

RICHARD R. RAY
J. CHANCELLOR NERREN
Assistant District Attorneys

* * * * *

Before PITMAN, COX, and THOMPSON, JJ.

**THOMPSON, J.**

Cristian Jose Vargas Borbon appeals his conviction for first degree rape, victim under the age of 13, and corresponding sentence of life imprisonment at hard labor without the possibility of parole, probation, or suspension of sentence. The victim was the underaged grandchild of his wife, and the testimony at trial established that the victim was abused while staying at her father's trailer home next door to Borbon. Borbon argues that the State failed to present sufficient evidence to support the jury's unanimous guilty verdict. For the reasons provided in greater detail below, Borbon's conviction of first degree rape, victim under age 13, and his mandatory life sentence are affirmed.

## FACTS AND PROCEDURAL HISTORY

On July 11, 2022, Cristian Jose Vargas Borbon ("Borbon") was charged with first degree rape of A.G., a victim under the age of 13 (DOB: 4/6/2010), during the period of April 6, 2021, to April 6, 2022, in violation of La. R.S. 14:42(A)(4). On the same date, Borbon was also charged with committing indecent behavior with a juvenile, J.G., a victim under the age of 13 (DOB: 7/5/2012), in violation of La. R.S. 14:81(A) and (H)(2), which matter is addressed in a separate opinion. The two minor victims, A.G. and J.G., are siblings. The siblings' cases were tried jointly, and trial commenced on July 9, 2024. The following testimony and evidence was introduced at trial relative to the victim, A.G.:

The children's biological mother testified that the investigation resulting in the charges being filed against Borbon began on Mother's Day in May of 2022. Her son, J.G. (the victim in the companion proceeding), disclosed to her that his paternal step-grandfather, Borbon, had touched him

over his clothes on his private part. The mother testified that she told J.G. to report what happened to his school guidance counselor, so she could help the family contact and report the incident to the police. The mother testified that the family of the children's father did not like her, and there had been prior incidents in which the family accused her of being a liar. Therefore, she did not call the police herself and instead advised J.G. to report the incident to the school guidance counselor to involve the police. She testified that J.G. did report the incident to the school guidance counselor, which is how the police became involved. It was from this initial report and subsequent investigation regarding the abuse of J.G. that the rape of A.G. was discovered.

Detective Kaycee Richards with the Bossier City Police Department testified at trial that she is assigned to the juvenile division as a detective, which is a position she held for approximately eight years at the time of trial. Det. Richards testified she had handled hundreds of juvenile sexual assault investigations. Det. Richards testified that she was dispatched to J.G.'s elementary school, where he reported the allegations against Borbon to his school counselor. During her investigation of J.G.'s allegations, J.G.'s sister, A.G., the 12-year-old victim in this matter, disclosed sexual abuse by Borbon to her family. Det. Richards testified that she met A.G. and her family at the hospital following that disclosure. Det. Richards testified that due to the delayed disclosure of the abuse, physical evidence was not collected from either A.G. or her bedroom where the abuse allegedly took place. Det. Richards testified that in her experience, delayed disclosure is common in cases of sexual assault against a minor victim.

Det. Richards testified that forensic interviews for both children took place at the Gingerbread House Child Advocacy Center ("Gingerbread House") in Shreveport, and that she attended both interviews. Det. Richards testified that during A.G.'s forensic interview, she disclosed that text messages between her and Borbon supported her allegations. Det. Richards testified that a forensic analysis of both A.G. and Borbon's cell phones was performed. Texts and screenshots of conversations that took place between January 9, 2021, and May 1, 2022, were obtained and introduced into evidence at trial.

Lacie Hadley, the forensic interviewer from the Gingerbread House who conducted the interviews of both victims, testified at trial. Hadley testified that A.G. was able to provide sensory details of what Borbon did to her. Hadley testified A.G. told her she was scared to tell anyone what happened. A.G. disclosed that Borbon touched her private part and tried to put his private part in her. A.G. stated it happened in her bedroom at her father's house, on the living room couch at Borbon's house, and on Borbon's bed. Hadley testified that A.G. disclosed the inappropriate behavior started when she was around seven years old and continued until just before her 12th birthday.

A.G.'s recorded forensic interview was introduced into evidence and played at trial for the jury. During the interview, A.G. stated that Borbon, her grandmother's husband, had done things to her beginning when she was around seven years old. A.G. stated Borbon started the abuse with touching her legs and rubbing her private parts. Later, Borbon would put his private part on her private part. A.G. stated the last time it occurred was two to

three weeks before the forensic interview. A.G. stated she did not report the acts because she was scared of Borbon.

During the recorded forensic interview, A.G. shared text messages with Hadley that she had saved on her phone from June 2021, in which Borbon, who lived next door, would text her at night and tell her to let him in the trailer. A.G. stated when she let him in, he would come to her room, lie beside her, touch her private parts, pull down his pants, and put his private part on her private part. A.G. stated he would stop when something came out of his private part, which would get on the sheets and their clothes. A.G. stated Borbon would leave, and she would get up and clean up. A.G. stated that she tried to call out her brother's name (J.G.) during an encounter, but Borbon covered her mouth. A.G. stated Borbon made her touch his private part with her hand, as well as put her lips around his private part. A.G. recalled these acts occurred three times over the same weekend, right before her 12th birthday. A.G. stated the most recent encounters occurred in her father's trailer; Borbon and her grandmother lived in the trailer next door. A.G. stated that neither her father nor his girlfriend, Teresa Perez, ever came out of his bedroom to see what was going on when she let Borbon into the trailer.

At trial, A.G. testified, confirming that what she provided during her forensic interview was accurate. A.G. testified regarding the layout of her father's trailer and explained how Borbon would gain access to the home when she was there. A.G. testified that sometimes Borbon would enter through the unlocked door, and sometimes she would let him in. A.G. testified that if her father was at home, he stayed in his bedroom when Borbon came into the home.

4

A.G. testified at length regarding numerous text messages between her and Borbon. The State introduced 18 text messages from Borbon, mostly between the hours of 10:00 P.M. and 12:00 A.M., in which Borbon requested to come over to A.G.'s bedroom. A.G. often responded "no" to these text messages. Notably, none of the text messages were initiated by A.G. In one exchange from June 17, 2021, at 10:44 P.M., Borbon text messaged A.G., "I'm going to sleep with you." A.G. testified she responded, "[w]hy," and Borbon responded back, "Cause (sic) I want." A.G. testified that she refused to open the trailer for Borbon numerous times but did let him in sometimes.

A.G. testified regarding an instance when Borbon tried to put his private part in her, but it hurt, and she tried to scream. A.G. testified Borbon covered her mouth and stopped. A.G. also testified that Borbon would not come over if he knew her brother, J.G., was still awake, because the two children slept in the same bed. A.G. stated J.G. was a heavy sleeper and would not wake up, even in response to noise. A.G. acknowledged that she did not tell her father or Teresa about Borbon's abuse.

Teresa Perez testified at trial; she dated A.G.'s father for over two years and lived in his trailer home from September 2020 through February 2022. Perez testified that you could hear everything in the home. Perez testified that the children went to bed very late on the weekends when she was there. Perez denied that she ever heard Borbon come into the house at night during the time she lived in the home, and she had never heard anything inappropriate between Borbon and either child.

Borbon testified he is originally from Costa Rica. Borbon testified through a translator in his own defense. Borbon denied the allegations

5

against him. Borbon testified that he was 52 years old and had lived in the United States for approximately 32 years. Borbon testified he was not A.G. or J.G.'s biological grandfather and was related to the children through marriage to his wife, their grandmother. Regarding the text messages on A.G.'s phone about opening the door and wanting to sleep with her, Borbon explained that the children were often up past their bedtime. Borbon explained that his bedroom window faced the children's window next door, and he and his wife could see when the children were still awake. Borbon explained that he told the children to turn off electronics and go to bed numerous times. Borbon testified he would sometimes threaten to come over and sleep with them so they would go to bed. Borbon testified he and his wife had been involved in disciplining the children since they were babies. Borbon testified that when he did go over to ensure the children were asleep, his wife went with him. Borbon denied raping A.G. or sexually abusing her, and denied he had ever been alone with A.G.

The two-day jury trial concluded on July 11, 2024. The jury returned verdicts of guilty as charged on both charges – in this matter of first degree rape, victim under 13 (A.G.), and in the corollary matter, of indecent behavior with a juvenile, victim under 13 (J.G.).

On December 10, 2024, Borbon was sentenced to serve life imprisonment at hard labor without benefit of probation, parole, or suspension of sentence for the first degree rape of A.G. This sentence was ordered to be served consecutively with the 12-year, hard labor sentence imposed in relation to his indecent behavior with a juvenile charge. The Louisiana Appellate Project was appointed to represent Borbon, and this appeal followed.

**DISCUSSION**

**Assignment of Error No. 1: When reviewed under the *Jackson v. Virginia* standard, the evidence was insufficient to prove beyond a reasonable doubt that Cristian Borbon committed the offense of first degree rape of A.G., a child under the age of thirteen.**

In his sole assignment of error, Borbon asserts the evidence was insufficient to convict him of first degree rape, victim under 13. Borbon argues that A.G. provided little detail as to any alleged act of sexual abuse and her descriptions were too vague to determine the validity of her allegations against him. Borbon argues that A.G.'s testimony was internally inconsistent and unbelievable regarding the details she provided.

Borbon argues that none of the text messages discussed at trial were of a sexual nature, though there were references to "sleep with you" within the texts. Borbon notes that A.G. did not report any of the alleged inappropriate sexual behavior to anyone until after her brother, J.G., reported he had been inappropriately touched. Borbon asserts that delayed reporting is a factor when evaluating the credibility of a witness.

Borbon argues that A.G.'s forensic interview and her trial testimony were internally inconsistent, and they were also inconsistent with each other. Further, despite the presence of many other adults and her sibling, no one heard or observed any inappropriate behavior. Borbon argues that A.G. failed to give sufficient details as to the alleged sexual act for a rational juror to be able to weigh the evidence and determine the elements of first degree rape were proven beyond a reasonable doubt.

Borbon asserts there was not sufficient evidence that he raped A.G. The standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the case in a light most favorable to the prosecution,

any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *State v. Tate*, 01-1658 (La. 5/20/03), 851 So. 2d 921, *cert. denied*, 541 U.S. 905, 124 S. Ct. 1604, 158 L. Ed. 2d 248 (2004); *State v. Steines*, 51,698 (La. App. 2 Cir. 11/15/17), 245 So. 3d 224. This standard, now legislatively embodied in La. C. Cr. P. art. 821, does not provide the appellate court with a vehicle to substitute its own appreciation of the evidence for that of the fact finder. *Steines, supra.*

The appellate court does not assess the credibility of witnesses or reweigh the evidence. *State v. Smith*, 94-3116 (La. 10/16/95), 661 So. 2d 442; *Steines, supra.* A reviewing court affords great deference to a trial court's decision to accept or reject the testimony of a witness in whole or in part. *Steines, supra.*

It is the province of the fact finder to resolve conflicting inferences from the evidence. In the absence of internal contradiction or irreconcilable conflict with physical evidence, the testimony of one witness – if believed by the trier of fact – is sufficient to support the requisite factual conclusion. Such testimony alone is sufficient even where the state does not introduce medical, scientific, or physical evidence. This is equally applicable to the testimony of sexual assault victims. *State v. Brooks*, 52,249 (La. App. 2 Cir. 9/26/18), 256 So. 3d 524; *Steines, supra.*

La. R.S. 14:42 provides, in pertinent part:

A. First degree rape is a rape committed upon a person sixty-five years of age or older or where the anal, oral, or vaginal sexual intercourse is deemed to be without lawful consent of the victim because it is committed under any one or more of the following circumstances:

* * *

8

> (4) When the victim is under the age of thirteen years. Lack of knowledge of the victim's age shall not be a defense.

We find there was sufficient evidence presented at trial to convict Borbon of first degree rape of A.G. A.G. testified at trial that Borbon vaginally raped her multiple times over a period of several years, starting when she was seven years old. Additionally, her recorded forensic interview also established that Borbon committed first degree rape, with the most recent incidents occurring just before his abuse was first reported to the police by A.G.'s sibling, J.G. The victim's testimony alone satisfies the elements of first degree rape under La. R.S. 14:42(A)(4) and sufficiently proves Borbon's guilt beyond a reasonable doubt. Additionally, A.G.'s testimony at trial and her forensic interview did not contain internal contradictions, as Borbon attempts to argue. Hadley, the forensic interviewer, noted that A.G. recalled specific sensory details about the abuse, the methods Borbon used to gain access to her, details of how and where he touched her, and the multiple locations the abuse occurred. Finally, the numerous late-night text messages from Borbon asking if A.G. was awake, telling her he was coming to sleep with her, and even stating simply he was coming over to her bedroom because he wanted to, provided additional support for A.G.'s testimony that he was abusing her.

The evidence contained in the record does not suggest that the jury's credibility determination should be disturbed by this Court. The evidence was sufficient to prove the elements of the offense of first degree rape, beyond a reasonable doubt, and therefore, Borbon's assignment of error is without merit. Accordingly, his conviction is affirmed.

9

## CONCLUSION

For the foregoing reasons, Borbon's conviction for first degree rape of A.G., a victim under age 13, and his life sentence without benefit of probation, parole, or suspension of sentence, are affirmed.

**AFFIRMED.**